◼ In the Matter of KATHLEEN D. CARRUTHERS, Petitioner, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Commissioner of Education. Petitioner is a registered nurse whose license has been revoked by the Commissioner of Education on finding that these charges were sustained: (a) that she was addicted to narcotic drugs; and (b) that she was guilty of fraud and deceit in the practice of her profession. The charge of drug addiction is not sufficiently sustained by the record. The only proof on this charge is that petitioner took 10 dosages of pantopon of one-sixth grain each. These were at widely separated times — a week or 10 days apart. Addiction must be something more than this. The term " addicted to " as employed in the statute (Education Law, § 6911, subd. 1, par. f) was construed in *Matter of Palmer* v. *Spaulding* (299 N. Y. 368) to be more than occasional use of drugs. The crucial question is whether the use is habitual and intemperate — in layman's language, whether petitioner had become a slave to the drug. The 10 doses shown in the record fall quite short of this requirement. On the other hand the record does show that while employed at a hospital petitioner removed 30 cc vials of demerol on two occasions from the hospital stock and took them home without making notations on the record to show that this had been done; and failed to note on the record the actual use of the 10 one-sixth grains of pantopon which petitioner administered to herself. This personal diversion of drugs, not petitioner's property, and without proper notation in the record in the sensitive area of narcotic drug control, could reasonably be found to have been fraud and deceit within paragraph d of subdivision 1 of section 6911. But if part of the charge is sustained by the record, and part not sustained, the respondent Commissioner should re-examine the question of severity of punishment. Determination annulled, without costs, and proceeding remitted to respondent to re-examine the question of punishment. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.

◼ FRANK MARTIN et al., Respondents, v. CLARENCE TRAVER, Appellant. — Appeal from an order of a Special Term, County Court, Saratoga County. In view of the reversal of the order granting summary judgment to defendant in the comparison appeal decided herewith (*ante,* p. 571), this appeal becomes moot, since the County Court in granting summary judgment noted that the action in City Court would have been removed and consolidated with the County Court action had summary judgment been denied. Appeal dismissed, without costs. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.