■ In the Matter of JEAN E. DAVIN, Petitioner, v NEW YORK STATE BOARD OF REGENTS et al., Respondents.—Proceeding, initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul, modify and vacate an order of the Commissioner of Education revoking petitioner's license to practice nursing. Petitioner, a registered professional nurse, was charged with fraud and deceit in the practice of nursing in violation of former section 6911 (subd [1], par [d]) of the Education Law (now § 6509, subd [2]); with being addicted to the use of morphine, cocaine or other drugs having similar effects in violation of former section 6911 (subd [1], par [f]) of the Education Law (now § 6509, subd [4]); with unprofessional conduct in violation of former section 6911 (subd [1], par [g]) of the Education Law (now § 6509, subd [9]); and with being habitually drunk in violation of section 6509 (subd [4]) of the Education law as then in effect. These charges were based on petitioner's alleged unlawful diversion for her own use of certain controlled substances and prescription drugs from hospitals in which she was employed, her alleged addiction to specific drugs, and her alleged habitual drinking which led to her treatment at a clinic for "chronic" alcohol addiction. After a hearing petitioner was found guilty on each specification and revocation of her license was recommended. The findings and recommendations of the hearing panel were upheld by the Regents Review Committee and the order of revocation was signed by the Commissioner of Education. In this article 78 proceeding petitioner presents several contentions all of which we find to be without merit. Initially petitioner contends that section 6509 of the Education Law is unconstitutionally vague in that it inadequately defines the proscribed conduct with which petitioner is charged. We are of the opinion, however, that the language of the statute in each instance sufficiently apprises a member of the profession of the scope of permissible conduct (see *Matter of Irwin v Board of Regents of Univ. of State of N. Y.,* 33 AD2d 581, affd 27 NY2d 292). Petitioner's contention that more than substantial evidence is required to sustain an administrative finding revoking a professional license is equally unpersuasive. Our review of an administrative determination is restricted to

a consideration of whether the decision of the agency is supported by substantial evidence and is not arbitrary and capricious *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230). This same limited review, in our view, applies in proceedings to review the weight of evidence in disciplinary matters involving professional licenses (see *Matter of Butterly & Green v Lomenzo,* 36 NY2d 250). Petitioner also contends that there is no substantial evidence in the record to support the determination. At the hearing statements were received in evidence which contained admissions by petitioner that she unlawfully took 200 tablets of the controlled substance Doriden in 1969 from a hospital where she was then employed and that she took 100 tablets of a prescription-required drug Talwin from another hospital in 1973. Such admissions provide substantial evidence to support the finding of petitioner's fraud and deceit in the practice of nursing *(Matter of Carruthers v Allen,* 19 AD2d 572). We also find substantial evidence in this record, in view of petitioner's admissions concerning the taking of drugs from the hospitals and her admissions concerning her addiction to specific drugs, to support the determination that she was addicted to drugs (see *Matter of Palmer v Spaulding,* 299 NY 368). The commissioner's determination as to the remaining charges is also supported by substantial evidence. This court is also of the opinion, considering the nature of the conduct charged and proven, that the revocation of petitioner's license is not so disproportionate to the offense as to be shocking to one's sense of fairness, and therefore, the penalty imposed should not be disturbed *(Matter of Patti v Nyquist,* 54 AD2d 792). We have carefully considered petitioner's remaining arguments and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.