(February 19, 1981)

■ In the Matter of RUDOLPH NICHOLSON, Also Known as RODOLPHO A. NICHOLSON, Petitioner, v GORDON M. AMBACH, as Commissioner of Education, et al., Respondents. — Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to review a determination of the Commissioner of Education revoking petitioner's license as a practical nurse. Petitioner, a licensed practical nurse, was charged with practicing the profession fraudulently within the meaning of subdivision (2) of section 6509 of the Education Law and with unprofessional conduct within the meaning of subdivision (9) of section 6509 of the Education Law. The hearing panel found, *inter alia,* that petitioner submitted a New Jersey registered nurse license to the nursing department at Long Island University when he was not so licensed; that in correspondence with this nursing department he held himself out to be a registered professional nurse when he was not so licensed; that he submitted falsified results of a New Jersey registered nurse examination when applying for a license in New York as a registered professional nurse; and that, in order to obtain a school nurse teacher's certificate, petitioner submitted a false and fraudulent transcript from Long Island University. Petitioner was found guilty of both specifications of professional misconduct by the hearing panel and it was recommended by the panel that his license as a practical nurse be revoked. The findings and recommendation of the hearing panel were accepted and in this proceeding petitioner seeks review of the determination of the Commissioner of Education revoking his license. Upon examination of the record, we are of the opinion that the determination is supported by substantial evidence and, therefore, it should not be disturbed *(Matter of Pell v Board of Educ.,* 34 NY2d 222). This court also concludes that the discipline imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness and, consequently, it must be sustained *(Matter of Davin v New York State Bd. of Regents,* 57 AD2d 690). We have considered petitioner's remaining arguments and find them unpersuasive. Accordingly, the determination should be confirmed. Determination confirmed, and petition dis-

missed, without costs. Sweeney, J.P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.