■ In the Matter of GEOFFREY DRUCE, Petitioner, v GORDON AMBACH, as Commissioner of the Department of Education of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510-a, subd 4) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice medicine in New York State. Petitioner was charged with nine specifications of professional misconduct including dispensing large quantities of controlled substances from October, 1973 to September, 1975, not in good faith and not in the course of regular practice; obtaining and dispensing in 1974 of approximately 5,184 ampules of amyl nitrite not in good faith or in the course of regular practice; issuing prescriptions for amyl nitrite between April, 1978 and March, 1979, not in good faith and not in the course of regular professional practice; purchasing and dispensing approximately 11,000 ampules of amyl nitrite between January, 1979 and June, 1981, not in good faith and not in the course of regular professional practice; failing to maintain proper records concerning dispensing of controlled substances and failing to maintain accurate patient records. After conducting a hearing, the hearing panel unanimously sustained the specifications and recommended that petitioner's license to practice medicine be revoked. Thereafter, the Regents Review Committee unanimously recommended that the findings and recommendations of the hearing panel be adopted. The Board of Regents accepted the recommendations of the review committee and the Commissioner of Education issued an order revoking petitioner's license to practice medicine. The instant article 78 proceeding ensued. Petitioner concedes that the record contains substantial

evidence to sustain the various specifications. However, petitioner contends that the measure of discipline imposed was excessive. In this regard, it is well settled that in an administrative proceeding, where a finding is confirmed, the punishment imposed will not be disturbed unless it is " 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Considering the undisputed violations found in the present case, the penalty of revocation is not shocking to one's sense of fairness (see *Matter of Kaplan v Board of Regents*, 87 AD2d 952). Accordingly, the determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.