■ In the Matter of MAURICE WILLER, Petitioner, v NEW YORK STATE BOARD OF REGENTS et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510-a, subd 4) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice medicine in New York State. ¶ Petitioner was licensed to practice medicine in New York State and was authorized to provide medical care and assistance to workers' compensation claimants. In 1980, after an investigation and hearing conducted by the Kings County Medical Society at the direction of the chairman of the Workers' Compensation Board (WCB), petitioner was found guilty of several charges of misconduct by the chairman and petitioner's authority to practice before the WCB was revoked. Thereafter, petitioner was charged in over 50 specifications of professional misconduct by the State Board for Professional Medical Conduct. At the hearing before a hearing panel of the State Board for Professional Medical Conduct (hearing panel), the only evidence offered against petitioner consisted of the order and decision of the WCB's chairman and certain medical records of some of petitioner's patients. Petitioner challenged the sufficiency of this evidence to sustain the charges against him, but the administrative officer presiding at the hearing invoked the doctrine of collateral estoppel in holding this evidence sufficient. The administrative officer, however, refused to entertain the issue of whether petitioner was afforded due process in the proceedings which culminated in the WCB determination. ¶ The hearing panel found petitioner not guilty of certain of the specifications but guilty of many of the specifications, and recommended that petitioner be fined $5,000 and suspended from the practice of medicine for one year, said suspension being stayed pending a three-year probationary period. The Commissioner of Health thereafter recommended to the Board of Regents that the hearing panel's findings be expanded through the invocation of collateral estoppel to include various findings of the WCB, that petitioner be found guilty of all the specifications and that his license to practice medicine in this State be revoked. The Regents Review Committee recommended that the Commissioner of Health's recommendations be adopted and, thereafter, respondent Board of Regents voted petitioner guilty of each specification and directed respondent Commissioner of Education to execute an order revoking petitioner's license to practice medicine, which was done. Pursuant to subdivision 4 of section 6510-a of the Education Law, petitioner commenced this CPLR article 78 proceeding in this court to review the order of respondent Commissioner of Education. ¶ It is well established that the doctrine of collateral estoppel is applicable to determinations of quasi-judicial agencies and that such determinations, when final, become conclusive and binding on the courts (*Bernstein v Birch Wathen School,* 71 AD2d 129, 132, affd 51 NY2d 932), as well as on other quasi-judicial administrative agencies (*Matter of Newsday, Inc. v Ross,* 80 AD2d 1, 5). The doctrine of collateral estoppel is inapplicable, though, unless the issue as to which estoppel is sought is identical to the issue decided in the prior proceeding, the issue was necessarily decided in the prior proceeding, and the litigant who will be estopped had a full and fair opportunity to litigate in the prior proceeding (*Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 17). The opponent of estoppel has the burden of establishing the latter element, whereas the proponent has the burden of demonstrating the first two elements mentioned (*id.,* at p 18). ¶ Petitioner's primary contention in this proceeding is that respondents improperly relied on collateral estoppel because he was prevented by the administrative officer at the hearing panel from showing that he was denied due process in the hearings leading to the decision and order of the chairman of the WCB and, thus, was not provided a full and fair opportunity to litigate in that earlier proceeding. Inasmuch as respondents, as subse-

quent quasi-judicial administrative entities, could be bound by the determination of the chairman of the WCB, the prior quasi-judicial entity, if the elements of collateral estoppel were satisfied (see *Matter of Newsday, Inc. v Ross, supra*), the administrative officer should not have refused to consider whether petitioner was afforded due process in the proceedings leading to the order and determination of the chairman of the WCB. Rather, before invoking collateral estoppel, the administrative officer and respondents should have determined that the elements of collateral estoppel, including petitioner's full and fair opportunity to litigate in the prior proceeding, were satisfied. ¶ Although the record reveals that it is probable that collateral estoppel was properly invoked,[*] it appears that petitioner may have been stymied in his efforts to show a lack of due process in the prior proceeding by the administrative officer's refusal to consider this issue. Thus, we are of the view that petitioner should be permitted the opportunity to place on the record those items which he believes demonstrate his lack of a full and fair opportunity to litigate in the prior proceeding. With this information on the record, the administrative officer and respondents will be able to determine whether petitioner has sustained the burden, which he carries as the opponent of the invocation of collateral estoppel, that there was no prior full and fair opportunity to litigate. Accordingly, the determination must be annulled and the matter remitted for further proceedings not inconsistent herewith. ¶ Although this disposition renders it unnecessary to consider the other issues raised in this proceeding, we would add that respondents did not waive the benefits of collateral estoppel by cross-examining witnesses called by petitioner. Such questioning was merely to respond to petitioner's case and to protect the record and, in light of the problem associated with the invocation of collateral estoppel, cannot be deemed a waiver of the benefits of this doctrine. ¶ Determination annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent herewith. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

* We note that as to the identity of issue, petitioner's counsel, in questioning the propriety of a member of the Kings County Medical Society sitting on the hearing panel, noted that "the charges [before the hearing panel] are exact [*sic*] the subject matter" which were involved in the hearing conducted at the direction of the chairman of the WCB. We further note that the issues decided by the chairman of the WCB were necessarily decided. It also appears from the order and decision of the chairman of the WCB that at this prior hearing petitioner was assisted by both legal and medical counsel and "was accorded full opportunity: to reply to and/or rebut, explain or refute, the said charges; to introduce exhibits into evidence; to call witnesses in his own behalf; and to cross-examine witnesses". It remains for petitioner to show such did not occur and, thus, that he did not have a full and fair opportunity to litigate in that forum.