■ In the Matter of KATHLEEN A. LEDO, Appellant, v UNIVERSITY OF THE STATE OF NEW YORK, STATE EDUCATION DEPARTMENT, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court, pursuant to Education Law, § 6510, subd 5) to annul a determination of the Commissioner of Education which suspended petitioner's license to practice as a registered professional nurse in the State of New York for two years, with execution of the last 18 months of the suspension stayed while petitioner was on probation. ¶ In May, 1982, petitioner, a registered professional nurse licensed to practice in the State of New York, was charged by the State Department of Health with having violated the provisions of article 33 of the Public Health Law by the manner in which she acquired and administered certain controlled substances and her failure to properly record such activities. Petitioner thereafter entered into a stipulation with the Department of Health in which she admitted having obtained and administered controlled substances without written physician's orders to do so and having failed to keep proper records, all in violation of the Public Health Law and pertinent regulations. Pursuant to the stipulation, the Department of Health agreed to dismiss the charges alleging fraud, deceit, misrepresentation or subterfuge. Based upon the stipulation, the Commissioner of Health levied a fine of $1,200 against petitioner, and referred the matter to the State Education Department for appropriate action with respect to petitioner's license. ¶ The Education Department filed charges against petitioner, which repeated the charges and specifications previously filed by the Department of Health, noted the stipulation in which petitioner had admitted certain of those specifications, and requested that petitioner's license be revoked. Following a hearing, the Regents Review Committee concluded that petitioner had been found in violation of article 33 of the Public Health Law by the Commissioner of Health, determined that petitioner was, therefore, guilty of the charges and recommended that her license be suspended for a period of two years, with the last 18 months stayed while petitioner was on probation. The Board of Regents agreed with the Regents Review Committee's finding and recommendation, and directed the Commissioner of Education to enter the order under review herein. ¶ Petitioner contends that respondent's determination is somehow irrational since the charge upon which it is founded contains a reference to the specifications previously filed by the Department of Health concerning fraud, deceit, misrepresentation and subterfuge, which had been dismissed by the Department of Health. It is clear from the record, however, that the determination under review herein is predicated solely upon the order of the Commissioner of Health which found petitioner in violation of article 33 of the Public Health

Law based upon her admissions contained in the stipulation. There is nothing in the record to indicate that the charges dismissed by the Department of Health played any role in respondent's determination. The mere reference to such misconduct contained in the charge filed by the Department of Health is not so prejudicial as to vitiate the entire proceeding (see *Matter of Freymann v Board of Regents,* 102 AD2d 912). ¶ Petitioner's unsubstantiated claim that the penalty imposed is so disproportionate to the offense as to require judicial interference has no merit (see *Matter of Falcone v New York State Educ. Dept.,* 50 NY2d 854). ¶ Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.