■ In the Matter of OSIAS M. VILLAFLOR, Petitioner, v BOARD OF REGENTS OF THE STATE UNIVERSITY OF NEW YORK et al., Respondents. — Mikoll, J. Proceeding pursuant to CPLR article 78 initiated in this court pursuant to Education Law § 6510-a [4] to annul a determination of the Commissioner of Education which revoked petitioner's license to practice as a physician in the State of New York.

Petitioner was charged with professional misconduct in that (1) he practiced medicine with gross negligence and/or gross incompetence with at least seven patients, (2) he practiced medicine with negligence and/or incompetence with at least 13 patients, and (3) he committed unprofessional conduct by failing to keep proper hospital records. After a hearing, a committee of the State Board for Professional Medical Conduct (committee) concluded that gross negligence had been sustained as to six patients, that allegations of negligence had been sustained as to 11 patients and that allegations of improper record keeping had not been sustained. The committee found that the charges did not involve petitioner's surgical skills but occurred in the area of cardio-pulmonary disease management. The committee recommended that petitioner's license be partially suspended as it applied to practice in the cardio-pulmonary area.

The Commissioner of Health accepted the committee's recommendation but also found petitioner guilty of unprofessional conduct as to the record-keeping charge. The Commissioner of Health recommended a total revocation of petitioner's license because he believed that petitioner's conduct rendered him totally unfit to practice medicine. The Board of Regents accepted the conclusions and recommendations of the Commissioner of

Health and, on March 1, 1984 the Commissioner of Education ordered that petitioner's license be revoked.

Petitioner claims that the finding of unprofessional conduct based on failing to keep accurate records is not supported by substantial evidence. Applicable regulations require that every patient should have a complete history and physical examination performed by a physician (10 NYCRR 405.22 [a]) and that the physical shall include all positive and negative findings from the inventory of systems (10 NYCRR 405.1026 [g]). Petitioner's admissions alone as to his failure to fulfill the mandate of the regulations provide substantial evidence to support the finding on this charge and it must be upheld (*cf. Matter of Schwarz v Board of Regents,* 89 AD2d 711).

Petitioner also urges that the sanction imposed requires annulment in that it is so disproportionate to the offenses as to shock one's sense of fairness. He urges that it violates the standard enunciated in *Matter of Harris v Mechanicville Cent. School Dist.* (45 NY2d 279) and *Matter of Pell v Board of Educ.* (34 NY2d 222) as to the appropriateness of penalties.

We note that petitioner does not dispute the findings of gross incompetence and negligence made by respondents. He urges, however, that their gravity should be weighed in light of the limitations of medical facilities available in the rural community where he practiced and the inadequacies of other staff members. The argument pales in light of the serious consequences of petitioner's conduct to his patients. Although petitioner's skills as a surgeon, which is his speciality, are not under scrutiny in this proceeding, the burning question remains as to whether petitioner should be allowed to practice at all when he has been found to be so grossly inadequate in his knowledge of heart and lung problems or basic medical knowledge. The performance of his surgical duties certainly require skills in and knowledge of the areas in which he was found grossly inadequate. The Commissioner of Health's conclusion that petitioner's deficiencies affected his ability to practice medicine in all fields is supported by substantial evidence in the record. The administrative decision must be sustained if it is not otherwise shocking or arbitrary (*Matter of Simpson v Wolansky,* 38 NY2d 391). We find the penalty imposed to be appropriate and supported by substantial evidence.

We find no merit to the other arguments raised by petitioner.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.