■ In the Matter of KUEN HAI CHEN, Petitioner, v GORDON AMBACH, as Commissioner of Education, et al., Respondents.— Per Curiam. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in this State.

In June 1984, the Office of Professional Medical Conduct of the Department of Health (OPMC) served a statement of charges on petitioner alleging that he had committed numerous forms of professional misconduct as defined by the (Education Law § 6509 [2], [5] [b]; [9]). At the subsequent hearing,

OPMC offered into evidence, without objection, the findings of facts, holdings and transcripts of prior administrative proceedings by the Department of Social Services and the Federal Department of Health and Human Services in which petitioner was permanently excluded from the Medicaid and Medicare programs because of his unacceptable medical practices. The medical records of eight of petitioner's patients and documentation that petitioner had been found guilty of professional misconduct in New Jersey were also received into evidence. Petitioner's testimony on his own behalf was the only evidence presented for his defense.

The hearing committee dismissed many of the charges against petitioner. However, it did find him guilty of negligence on more than one occasion, citing 26 instances of substandard practice and of having been found guilty of misconduct in New Jersey upon facts which would have constituted professional misconduct if committed in New York. The hearing committee unanimously recommended that petitioner's license to practice medicine in New York be revoked. The Commissioner of Health recommended that the findings and recommendations of the hearing committee be adopted. The Regents Review Committee modified the hearing committee's findings by dismissing 10 of the 26 findings of misconduct because the committee had voted 3 to 2 on those specifications. Public Health Law § 230 (10) (g) requires a minimum of four votes to sustain a charge. As so modified, the Regents Review Committee voted to accept the findings and recommendations of the hearing committee. In July 1985, respondent Commissioner of Education issued an order revoking petitioner's license to practice medicine in this State. This proceeding ensued.

Petitioner's initial contention that the doctrine of collateral estoppel was improperly applied against him at the hearing is negated by the record. At the beginning of the hearing, the prosecuting attorney took the position that conclusions reached by the Medicaid Bureau of the Department of Social Services and the Federal Bureau of Medicare were binding upon petitioner. Petitioner asked the hearing committee to make an independent evaluation of the findings of fact and make its own conclusions as to petitioner's competence to practice medicine. The decision of the committee, in which it is obvious that it disagreed with many of the conclusions of the prior administrative decisions, is satisfactory proof that the doctrine of collateral estoppel was not applied. Consequently, there is no need to further address that issue.

Petitioner now challenges for the first time the admission into evidence of transcripts and decisions from the prior administrative proceedings. It is well established that failure to object to the admissibility of evidence precludes the issue from review *(see, Matter of Leogrande v State Liq. Auth.,* 19 NY2d 418, 424). Here, petitioner's counsel specifically and repeatedly stated that there was no objection to the offered evidence.

Even if we were to allow an objection at this time, it would be of no avail. Petitioner's contention that hearsay cannot constitute substantial evidence is unsupported by law. The Court of Appeals has recently reiterated that: "The governing standard under State law is no longer the 'legal residuum rule,' requiring some minimum quantity of admissible evidence to support an administrative determination. Rather, the question is whether the determination is supported by 'substantial evidence' * * *. Hearsay is admissible in such a proceeding, and if sufficiently relevant and probative may constitute substantial evidence" (citations omitted) *(People ex rel. Vega v Smith,* 66 NY2d 130, 139). A review of the record reveals that the evidence offered here was sufficiently relevant and probative to constitute substantial evidence.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.