■ In the Matter of MELVIN SROKA, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Respondent.—Levine, J.

Petitioner has for over 30 years practiced as an ophthalmic and hearing aid dispenser in Nassau County. In 1982, he was indicted for various counts of bribery in the second degree, allegedly for making payments to a public officer, namely, an

audiologist employed by the Nassau County Medical Center, in return for referrals of patients of the hospital for the purchase of hearing aids. Petitioner subsequently pleaded to a single count of commercial bribery in the first degree (Penal Law § 180.03), a class A misdemeanor, in full satisfaction of the indictment and was sentenced to a fine of $1,000.

In 1985, the Office of Professional Discipline of the Department of Education brought a disciplinary proceeding against petitioner, based solely on the foregoing conviction of a crime (Education Law § 6509 [5] [a] [i]). After a hearing at which petitioner testified and offered evidence in mitigation, the Regents Review Committee found by a preponderance of the evidence that the charge was sustained and recommended the sanction ultimately imposed and now under review. The findings and recommendations were accepted in turn by the Board of Regents and respondent, the Commissioner of Education. This proceeding seeking judicial review of the determination followed.

Petitioner challenges the evidentiary basis of the determination, the sufficiency of the findings and the sanction imposed. He asserts that the Regents Review Committee was unduly influenced by remarks of the prosecuting attorney for the Office of Professional Discipline alluding to the original criminal charges of bribery, whereas in fact he had been permitted to plead guilty to commercial bribery because of the absence of proof that he was aware of the status of the audiologist whom he paid for referrals as a public servant. We disagree. The Regents Review Committee's findings were limited solely to his conviction of the crime of commercial bribery to which he pleaded guilty. Its report only states that it considered the recommendations of the prosecuting attorney as to sanctions, along with petitioner's evidence in mitigation. The Regents Review Committee had before it the minutes of petitioner's plea allocution in the criminal court, in which he specifically admitted each and every element of the crime of which he was convicted. Thus, there was clearly sufficient evidence to support the finding sustaining the disciplinary charge, and no evidence that references in the record to the original bribery charges of the indictment influenced that finding or denied petitioner a fair hearing (see, Matter of Ledo v University of State of N. Y., State Educ. Dept., 103 AD2d 868, 869; Matter of Jerry v Board of Educ., 50 AD2d 149, 159, appeal dismissed 39 NY2d 1057, 40 NY2d 847). The finding of the fact of petitioner's conviction was obviously sufficient, since this was the sole basis for the disciplinary charge, and it was not

necessary for the Regents Review Committee to refer specifically in its report to all the various items of evidence petitioner submitted.

Nor can we say that an actual suspension of petitioner from practice for three months plus a period of probation constituted an abuse of discretion under the standard of *Matter of Pell v Board of Educ.* (34 NY2d 222, 223) and the cases that have followed it. The sanction imposed was significantly less severe than what is statutorily authorized. The fact that, upon review of the same criminal conviction, the Department of State chose not to refuse renewal of petitioner's registration as a hearing aid dispenser (although there was a period of delay in granting renewal) is not binding on respondent in a professional misconduct proceeding under Education Law, article 130, subarticle 3 *(see, Matter of Pozarny v State of New York,* 92 AD2d 954).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.