■ In the Matter of MAURICE WILLER, Petitioner, v NEW YORK STATE BOARD OF REGENTS et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to annul a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York State.

The facts underlying this proceeding are detailed in our decision in petitioner's prior appeal *(see, Matter of Willer v New York State Bd. of Regents,* 101 AD2d 937), and the lengthy procedural history leading up to that appeal need not be repeated here. At issue on that appeal was the propriety of respondents' application of the doctrine of collateral estoppel to give conclusive effect to a prior determination of the Workers' Compensation Board (WCB), which found petitioner guilty of certain misconduct and revoked petitioner's authority to practice before the WCB. We concluded that petitioner may have been stymied in his effort to carry his burden of showing the lack of a full and fair opportunity to litigate in the prior proceeding before the WCB and, therefore, we held that "petitioner should be permitted the opportunity to place on the record those items which he believes demonstrate his lack of a full and fair opportunity to litigate in the prior proceeding" *(id.,* at 938). Accordingly, we annulled the determination and remitted the matter to respondents for further proceedings.

Upon remittal, the administrative disciplinary proceeding was reconvened before the Hearing Officer sitting without the members of the panel of the State Board for Professional Medical Conduct (State Board). Petitioner's attorney protested the absence of the full panel, presented oral argument but offered no witnesses, and requested and was granted permission to submit a brief and additional documentation. The brief was submitted, along with a transcript of the WCB and medical society's hearings. On November 8, 1984, the Hearing Officer ruled that petitioner, as the opponent of the invocation of collateral estoppel, had failed to meet his burden of showing in what respects he was not afforded a full and fair opportunity to litigate in the prior WCB proceeding *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 501). The Hearing Officer also recommended that the report of the hearing committee, dated March 8, 1983, be resubmitted to respondent Board of Regents along with his report. On March 19, 1985 the Com-

missioner of Health recommended to the Board of Regents that the findings, conclusions and recommendations of the Hearing Officer be adopted in full, including the recommended adoption of the March 8, 1983 report. When the Commissioner of Health realized that the Hearing Officer had recommended only resubmission of that report and not its adoption, he amended his recommendation to the Board of Regents requesting that it adopt the recommendation he had originally made on April 29, 1983 instead. On February 21, 1986 the Board of Regents voted to adopt the recommendation of its Review Committee, finding petitioner guilty of all charges and revoking his license. On April 7, 1986 an order to that effect was issued by respondent Commissioner of Education. Again petitioner seeks annulment of that determination in this proceeding.

Initially, we find no merit in petitioner's argument that our remittal had to be held before a "full panel" of the State Board and not before an "administrative officer". We remitted solely to afford petitioner an opportunity to demonstrate his lack of a full and fair opportunity to litigate in the prior WCB proceeding and to place those items which he believes demonstrates his claim on the record. The presence or absence of a full panel would have no effect whatever on his ability to do so. The simple fact is that respondents complied with our order and petitioner utterly failed to show how he was denied the full and fair opportunity to litigate the items encompassed in his prior WCB proceeding when these items were being considered by the panel of the State Board. This was the full extent of our remittal since we indicated in our prior decision that the identicality issue, which is the first prong of the collateral estoppel doctrine, had been satisfactorily demonstrated by respondents *(Matter of Willer v New York State Bd. of Regents, supra,* p 938, n).

We find no merit in petitioner's attempt to turn the present proceeding into a review of the WCB hearing and determination, which he did not attempt to appeal or review. Due to petitioner's failure to demonstrate on remittal what we previously indicated was his burden, we conclude that petitioner had a full and fair opportunity to litigate at the WCB hearing and, therefore, the invocation of collateral estoppel at the hearing before the panel of the State Board was proper. The evidence in the record to support the determination of the Commissioner of Education is abundant *(see, Matter of Melone v State of New York Educ. Dept.,* 115 AD2d 854, 856), and in the circumstances the penalty imposed is justified. Further,

we find the other contentions of petitioner untenable and, accordingly, confirm the determination.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.