■ In the Matter of MAURICE SASSON, Petitioner, v COMMISSIONER OF EDUCATION et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York State.

Petitioner was charged by the Department of Health with various violations of Public Health Law article 33, to wit, that he (1) unlawfully prescribed controlled substances on three occasions; (2) unlawfully prescribed controlled substances not in good faith and not in the course of his professional practice; (3) willfully made a false statement in a record required to be kept under Public Health Law article 33; (4) failed to maintain copies of official State prescription forms issued to him; (5) failed to promptly report to the Commissioner of Health the name of addicts or habitual users of dangerous drugs; and (6) failed to report the theft or loss of several of his official State prescription forms. An administrative hearing was scheduled, prior to which petitioner entered into a stipulation of guilt on each charge. He was assessed a penalty of $7,500 and a five-year suspension of his prescription writing privileges.

Thereafter, a charge of professional misconduct based upon the foregoing stipulation of guilt to the Public Health Law article 33 charges *(see,* Education Law § 6509 [5] [c]) was served upon petitioner and the matter was referred to the Regents Review Committee for a further professional disciplinary proceeding *(see,* Public Health Law § 230 [10] [m] [iv]; Education Law § 6510-a [1]). A hearing was held before a three-member panel of the Review Committee, which unanimously recommended that petitioner be found guilty of professional misconduct and voted 2 to 1 that his license to practice be revoked. Respondent Board of Regents accepted the findings and recommendations of the Review Committee, and petitioner's license to practice medicine was subsequently revoked by respondent Commissioner of Education. Petitioner then commenced the instant proceeding seeking review of that determination.

We reject petitioner's initial contention that since the charge of professional misconduct was served, and the matter was referred to the Regents Review Committee, by the Director of the Office of Professional Medical Conduct instead of the Commissioner of Health, as required by Public Health Law § 230 (10) (m) (iv), the Regents' determination was thereby rendered arbitrary and capricious. Petitioner failed to raise this claim at the administrative proceeding level and thus has not preserved it for our review.

We are similarly unpersuaded by petitioner's claim that his then-attorney's failure to advise him that the stipulation of guilt on the Public Health Law article 33 charges could result in a further proceeding to revoke his license constituted ineffective assistance of counsel and mandates annulment of the Regents' decision. Other than in certain narrowly defined circumstances (see, e.g., Matter of Ella B., 30 NY2d 352; People ex rel. Menechino v Warden, 27 NY2d 376; People ex rel. Rogers v Stanley, 17 NY2d 256), the right to effective assistance of counsel (US Const 6th Amend; NY Const, art I, § 6) does not extend to civil actions or administrative proceedings (Matter of Brown v Lavine, 37 NY2d 317; Walston v Axelrod, 103 AD2d 769, 770).

Petitioner's remaining contention, that the revocation of his medical license was an unnecessarily harsh penalty, is without merit. On review, an administrative agency's assessment of a penalty will not be disturbed "unless the measure of punishment is ' " 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " ' " Matter of Purdy v Kreisberg, 47 NY2d 354, 360, quoting Matter of Pell v Board of Educ., 34 NY2d 222, 223). Given petitioner's misconduct, including prescribing prescriptions without medical justification therefor, falsifying medical records and failing to report habitual users of dangerous drugs, it was well within the Regents' discretion to impose the penalty of licensure revocation (see, Matter of Jacobs v New York State Educ. Dept., 103 AD2d 872; Matter of Rubin v Board of Regents, 101 AD2d 970; Matter of Druce v Ambach, 93 AD2d 962). Moreover, at the time of the instant infractions, petitioner was on probation, having previously stipulated in 1981 as to his guilt on charges of gross negligence, gross incompetence, negligence and unprofessional conduct in relation to his administration of injections to five patients.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.