■ In the Matter of YELLAPPA C. MRUTHYUNJAYA et al., Petitioners, v STATE OF NEW YORK EDUCATION DEPARTMENT et al., Respondents.—Kane, J. Proceeding pursuant to CPLR

article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of the Commissioner of Education which suspended petitioner Yellappa C. Mruthyunjaya's license to practice dentistry for one year.

The determination should be confirmed. Initially, we note that contrary to petitioner Yellappa C. Mruthyunjaya's (hereinafter petitioner) assertion, there is nothing in the record to indicate that petitioner was denied a fair hearing or otherwise prejudiced by references at the hearing to the Monroe County Dental Society's response to Joseph Spagnolo's complaint (see, Matter of Sroka v Ambach, 124 AD2d 873).

Petitioner's central contention is that the evidence adduced at the hearing demonstrates that his course of treatment reflected an exercise of professional judgment and that the treatment was performed with reasonable care. However, expert testimony by respondents' witnesses conflicts with the evidence offered by petitioner and supports the conclusion that the treatment rendered to Spagnolo by petitioner constituted gross negligence. Resolution of such factual issues are exclusively within the province of the Board of Regents (see, e.g., Matter of Rudner v Board of Regents, 105 AD2d 555, 556; see also, Matter of Di Maria v Ross, 52 NY2d 771), and, based upon the instant record, there is sufficient evidence to support respondents' conclusion that petitioner's guilt was established by a preponderance of the evidence. We have reviewed petitioner's remaining contentions and find them to be without merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.