■ In the Matter of RAYMOND NADELL, Petitioner, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which suspended petitioner's license to practice medicine in New York for three years, with a stay of the last two years of the suspension.

Petitioner is a 78-year-old psychiatrist who, by order of the Commissioner of Health dated September 23, 1980 made after a hearing, was found guilty of several violations of Public Health Law article 33. The charges were based upon improper prescribing of controlled substances, improper writing and postdating of prescriptions for controlled substances, prescribing a controlled substance for habitual users of the drug, prescribing quantities of a controlled substance in excess of a 30-day supply, and prescribing controlled substances for pa-

tients without conducting physical examinations and without medical clearance from referring physicians (see, Public Health Law § 3331 [1], [2]; § 3332; 10 NYCRR 80.67 [c]). His right to prescribe controlled substances was suspended for three years and a fine of $50,000 imposed.

On April 3, 1985, the State Board for Professional Medical Conduct charged petitioner with 19 specifications of professional misconduct consisting of practicing the profession fraudulently, practicing with negligence, practicing with gross negligence and with unprofessional conduct by issuing numerous prescriptions for controlled substances to five patients not in good faith and not in the regular course of practice (see, Education Law § 6509 [2], [9]; 8 NYCRR 29.1 [b]). In addition, he was charged with unprofessional conduct based on the 1980 violations of Public Health Law article 33. The Commissioner of Health modified the findings and recommendations of a Hearing Panel and recommended that petitioner be found guilty of all specifications of the charges of fraudulent practice, negligence, gross negligence, unprofessional conduct and improper record keeping, and recommended a three-year license suspension with a stay of the last two years. Thereafter, the Regents Review Committee recommended to respondent Board of Regents that the Commissioner of Health's recommendation be accepted, with the exception that the charges of unprofessional conduct premised on the 1980 Public Health Law article 33 violations be limited to acts committed after October 1, 1977 (see, Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [1] [eff Oct. 1, 1977]). The 19th specification premised on moral unfitness was also rejected. The Board of Regents accepted this recommendation in its entirety, specifying that the findings of guilt were based on a preponderance of the evidence, and respondent Commissioner of Education executed an order suspending petitioner's license accordingly. This proceeding ensued.

The determination should be confirmed. While petitioner raises numerous objections, his main premise is that his methods of treatment and prescribing practices were in accord with the standards and procedures of the profession, and constituted a proper exercise of professional judgment. In contrast, the State's expert witness essentially testified that petitioner's prescription and record-keeping practices were grossly inappropriate and without a legitimate medical basis. This conflict in testimony and the appropriate inferences to be drawn from the evidence presented was for the Board of Regents to resolve (see, Matter of Mruthyunjaya v State of

*New York Educ. Dept.,* 127 AD2d 881, *lv denied* 70 NY2d 605).
Upon review of the instant record, we find ample support for
respondents' conclusion that petitioner's guilt was established
by a preponderance of the evidence *(supra;* Education Law
§ 6510-a [1]; Public Health Law § 230 [10] [f]). Respondents
could properly utilize the 1980 violations of Public Health
Law article 33 as a basis for establishing unprofessional
conduct *(see, Matter of Saleem v Commissioner of Educ.,* 133
AD2d 953; *cf., Matter of Abraham v Ambach,* 135 AD2d 921).
Moreover, the Statute of Limitations attendant medical mal-
practice actions does not apply *(Matter of Fischman v Am-
bach,* 98 AD2d 854, 855, *appeal dismissed* 63 NY2d 768). We
have examined but find little substance to petitioner's remain-
ing objections.

Finally, we find the penalty, which amounts to a one-year
suspension of petitioner's license, to be neither harsh nor
excessive. Despite his advanced age, financial difficulties and
family problems, we cannot say that the sanction imposed is
so disproportionate to the offenses as to be shocking to one's
sense of fairness *(see, Matter of Pell v Board of Educ.,* 34
NY2d 222; *Matter of Sasson v Commissioner of Educ.,* 127
AD2d 875, 876).

Determination confirmed, and petition dismissed, without
costs. Mahoney, P. J., Weiss, Yesawich, Jr., and Harvey, JJ.,
concur.