In the Matter of LINCOLN D. ALLEN, Petitioner, v BOARD OF REGENTS, STATE OF NEW YORK, Respondent. (Proceeding No. 1.) In the Matter of BERTRAM V. JACKSON, Petitioner, v BOARD OF REGENTS, STATE OF NEW YORK, Respondent. (Proceeding No. 2.)—Mercure, J.

Petitioners were authorized to practice as physician's assistants in 1975. On February 15, 1985, each petitioner entered a guilty plea in Supreme Court, New York County, to the felony of attempting to obtain a medical diploma by fraudulent means in violation of Education Law § 6512 (1). In connection therewith, each admitted an attempt to obtain a medical diploma from Cetec University in Santa Domingo through submission of fraudulent documents misrepresenting his credentials. On March 28, 1985, petitioners were each sentenced to five years' probation and a fine of $1,000. In addition, during March 1985 petitioner Bertram V. Jackson permitted petitioner Lincoln D. Allen to substitute for him as a physician's assistant without the necessary advance approval of his employer, St. John's Episcopal Hospital in Far Rockaway,

Queens County. In so doing, Allen signed Jackson's name on the payroll/attendance records and worked tours of duty without the permission or knowledge of the hospital authorities.

Petitioners were charged by the Office of Professional Medical Conduct with three specifications of professional misconduct: (1) fraud in practicing as physician's assistants in that they arranged an improper substitution in violation of Education Law § 6509 (2); (2) practicing the profession of physician's assistant negligently; and (3) attempting to obtain a medical diploma by fraudulent means in violation of Education Law § 6512 (1). A hearing was held on these charges by the State Board for Professional Medical Conduct. The Hearing Committee for the State Board unanimously sustained the first and third specifications, and its unanimous recommendation that petitioners' licenses be revoked was accepted by the Commissioner of Health. Respondent accepted the findings and recommendations of the Commissioner of Health, and petitioners' licenses as physician's assistants were subsequently revoked by the Commissioner of Education. Petitioners then commenced the instant proceedings seeking review of those determinations.

We reject petitioners' initial contention that the Commissioner's findings are not supported by a preponderance of the evidence. We observe that this court may not substitute its judgment for that of an administrative body as long as there is sufficient evidence to support the administrative determination, even in the face of conflicting evidence (see, Matter of Nadell v Ambach, 136 AD2d 804; Matter of Mruthyunjaya v State of New York Educ. Dept., 127 AD2d 881, lv denied 70 NY2d 605). The record contains the transcripts of petitioners' guilty pleas, and there is no evidence suggesting that petitioners' pleas were uninformed or coerced. Moreover, petitioners received a full evidentiary hearing regarding the improper substitution charge. In our view, the Commissioner's determinations of guilt on both the first and third specifications are based upon a preponderance of evidence in the record (see, Education Law § 6510 [1]; Public Health Law § 230 [10] [f]).

We are similarly unpersuaded by petitioners' claim that the conduct of their attorney constituted ineffective assistance of counsel. It is of no moment that petitioners' counsel did not submit a written answer. The Office of Professional Medical Conduct was put to its proof of each charge as fully as if a general denial had been entered. Furthermore, other than in certain narrowly defined circumstances not present here, the

right to effective assistance of counsel does not extend to civil actions or administrative proceedings *(see, Matter of Sasson v Commissioner of Educ.,* 127 AD2d 875, 876). Next, we reject petitioners' claim of equitable estoppel against respondent as they have failed to demonstrate the kind of exceptional circumstances which must exist before the doctrine may be applied against an agency of the State acting in its governmental capacity *(see, Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 33; *Matter of Sheppard-Pollack, Inc. v Tully,* 64 AD2d 296).

Petitioners' remaining contention, that the revocation of their licenses was an unnecessarily harsh penalty, is without merit. On review, an administrative agency's assessment of a penalty will not be disturbed unless the sanction may be characterized as so disproportionate as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). By their pleas, petitioners admitted that they attempted to obtain a degree of Doctor of Medicine by submitting fraudulent documentation. As noted by the Regents Review Committee, this conduct demonstrated a lack of honesty, integrity and sound judgment. We agree with the Commissioner that a revocation of license was warranted *(see, e.g., Matter of Nicholson v Ambach,* 80 AD2d 690, *appeal dismissed* 55 NY2d 601; *Matter of Durante v Board of Regents,* 70 AD2d 692, *appeal dismissed* 48 NY2d 654).

Determinations confirmed, and petitions dismissed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Harvey and Mercure, JJ., concur.