■ In the Matter of HEE K. CHOI, Petitioner, v STATE OF NEW YORK et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which, *inter alia,* suspended petitioner's license to practice medicine in New York.

Petitioner, a physician licensed to practice medicine in New York, was charged by the State Board for Professional Medical Conduct with professional misconduct in seven specifications. These charges were based, in part, on a determination of the Department of Social Services (hereinafter DSS) finding, after a full administrative hearing, that petitioner provided an unacceptable level of care and inappropriate treatment to his Medicaid patients, failed to state diagnoses of cases, ordered excessive laboratory tests and engaged in unacceptable practices in violation of 18 NYCRR part 515. The charges were also based on a Department of Health (hereinafter DOH) stipulation signed by petitioner and his associates admitting that petitioner committed various violations of Public Health Law article 5 and 10 NYCRR part 58, including operating a clinical laboratory without a valid permit.

The professional misconduct charges were referred to the Regents Review Committee (hereinafter Committee) of respondent State Board of Regents for disposition through an expedited procedure under Public Health Law § 230 (10) (m) (iv). The evidence before the Committee was limited to the issue of the nature and severity of punishment because of the prior final DSS and DOH determinations of petitioner's guilt regarding the underlying charges. At the hearing before the Committee, petitioner attempted to establish that he was represented by ineffective counsel during the prior proceedings and that his previous counsel had not informed him that the determinations of guilt could be used against him in the proceeding before the Committee.

The Committee, relying on *Matter of Sasson v Commissioner of Educ.* (127 AD2d 875), ruled that the claim of ineffective assistance of counsel was without merit and found petitioner guilty of two of the seven specifications, both based upon the DSS determination. The Committee recommended that petitioner's license to practice medicine be suspended for two years with the last 22 months stayed, at which time he would be placed on probation for the remainder of the suspension. The determination and penalty were approved by the Board of Regents and then accepted by respondent Commissioner of Education. This CPLR article 78 proceeding ensued.

The determination should be confirmed and the petition dismissed. First, petitioner challenges the Committee's application of the doctrine of collateral estoppel. We hold that the doctrine of collateral estoppel was not improperly applied by the Committee to bar petitioner from showing that his prior counsel was ineffective in representing him in the prior DSS proceedings which formed the basis for the finding of petitioner's guilt on the two specifications at issue herein *(see, Matter of Sasson v Commissioner of Educ., supra)*. This proceeding is factually distinguishable from *Matter of Willer v New York State Bd. of Regents* (101 AD2d 937), relied on by petitioner. There, the Hearing Panel, which found the petitioner guilty based on prior proceedings before the Workers' Compensation Board, refused to consider whether the petitioner was afforded due process in the earlier proceeding. Here, the Committee considered the due process issue and ruled that petitioner was afforded a full and fair opportunity in the proceeding before DSS. The Committee then applied the doctrine of collateral estoppel.

We also find no merit in petitioner's claim that it was improper to determine the professional misconduct charges against petitioner in an expedited procedure pursuant to Public Health Law § 230 (10) (m) (iv). We reject petitioner's argument that the charges of professional misconduct do not fall within the scope of the provision. DSS found that petitioner practiced the profession of medicine with negligence on more than one occasion, which would constitute professional misconduct pursuant to Education Law § 6509 (2). Further, DSS concluded that petitioner displayed unprofessional conduct by ordering excessive tests and treatments for his patients, which constitutes professional misconduct pursuant to Education Law § 6509 (9). The determinations of guilt made by the Committee were based solely on these two violations and clearly support its ultimate findings of guilt.

Finally, we find no reason to disturb the penalty imposed against petitioner on the ground that it was excessive or an abuse of discretion. The penalty imposed does not shock our conscience; consequently, it must be upheld *(see, Matter of Purdy v Kreisberg, 47 NY2d 354, 360; Matter of Pell v Board of Educ., 34 NY2d 222, 233)*.

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.