■ In the Matter of AARON S. GREENWALD, Petitioner, v BOARD OF REGENTS OF THE STATE UNIVERSITY OF NEW YORK et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice dentistry in New York.

Petitioner, a dentist, was charged with professional misconduct in Maine in 1983. As a consequence, petitioner and the appropriate Maine authorities entered into a consent decree specifying a two-year suspension from the practice of dentistry followed by four years of probation. In 1985, the New York State Education Department Office of Professional Discipline brought charges of professional misconduct based upon the Maine disciplinary proceeding (Education Law § 6509 [5]). These charges resulted in a two-year suspension, which was stayed.

During the two-year Maine suspension, Maine authorities learned that petitioner had violated the terms of the 1983 consent decree. Following a disciplinary hearing, Maine revoked petitioner's license. As a consequence of this revocation, petitioner was charged with professional misconduct in New York based solely upon the Maine license revocation for violating the 1983 consent decree. The Regents Review Committee conducted a hearing and then recommended that petitioner's license be revoked. Respondent Board of Regents voted to accept the recommendation and respondent Commissioner of Education revoked petitioner's license in New York.

By order to show cause, petitioner commenced this CPLR article 78 proceeding to annul the Commissioner's determination and moved for a stay of the New York order of revocation pending determination by this court of the article 78 proceeding. This court denied petitioner's motion for a stay and petitioner's license was revoked on May 28, 1988. We confirm.

Education Law § 6509 (5) (b) provides that the following is professional misconduct: *"Having been found guilty of improper professional practice or professional misconduct by a duly authorized professional disciplinary agency of another state where the conduct upon which the finding was based would, if committed in New York state, constitute professional*

misconduct under the laws of New York state" (emphasis supplied). Here, the record clearly indicates that petitioner's license revocation was premised on Maine's determination that petitioner committed professional misconduct by violating the terms of his suspension as set forth in the 1983 consent decree when he, *inter alia,* practiced dentistry while suspended. This conduct constitutes professional misconduct in New York (Education Law § 6509 [8]). Thus, petitioner committed professional misconduct under Education Law § 6509 (5) (b). The necessary facts were established at the hearing through introduction of the 1983 consent decree and the subsequent findings of guilt by the Maine licensing authorities. Accordingly, we hold that this documentation constitutes sufficient evidence to support the determination that petitioner had been found guilty of professional misconduct in another jurisdiction and that the conduct underlying the finding constitutes professional misconduct in New York *(see, Matter of Kuen Hai Chen v Ambach,* 121 AD2d 777, *lv denied* 68 NY2d 610).

Next, we reject petitioner's contention that he was deprived of adequate notice of the penalties to be imposed which amounted to a deprivation of due process. While we recognize that a holder of a dental license possesses a fully vested property interest in the continued possession of that license and cannot be deprived of it without due process of law *(Matter of Bender v Board of Regents,* 262 App Div 627, 631-632; *see, O'Brien v O'Brien,* 66 NY2d 576, 586), we hold that no such deprivation occurred herein. Paragraph 15 of the notice of hearing advises petitioner in underscored capitals that his license could be suspended or revoked as a result of the hearing. A review of the record reveals that petitioner was provided adequate notice of the possible penalties when he was served with the notice of hearing and statement of charges (Education Law § 6510 [1] [d]).

We also reject petitioner's claim that he was not provided sufficient opportunity to have effective assistance of counsel. The hearing was initially scheduled for April 10, 1987. Petitioner sought and was granted a 30-day adjournment to May 12, 1987 to obtain counsel. On May 12, 1987, because of the seriousness of the charges and possible consequences, petitioner was granted an additional adjournment of 60 days to July 15, 1987 to obtain counsel. When petitioner appeared before the Committee on July 15, 1987 without having made an attempt to obtain counsel, the hearing proceeded. Every reasonable effort was made by respondents to accommodate

petitioner's opportunity to be assisted by counsel and his appearance before the Committee without such assistance cannot be charged to respondents.

Finally, we do not find that the punishment imposed was so disproportionate to petitioner's offense as to shock the sense of fairness of this court. Revocation of petitioner's license did not occur until after his third offense and the revocation was warranted by the misconduct proven (see, Matter of Sasson v Commissioner of Educ., 127 AD2d 875).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Harvey and Mercure, JJ., concur.