◼ In the Matter of WOLODYMYR R. PROKOPIW, Petitioner, v COMMISSIONER OF EDUCATION et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Education which suspended petitioner's license to practice medicine in New York.

In May 1986, pursuant to the provisions of Education Law § 6509 (2) and (9), the State Office of Professional Medical Conduct charged petitioner with 19 specifications of professional misconduct, including practicing his profession with gross negligence and/or gross incompetence; with negligence and/or incompetence on more than one occasion; and with unprofessional conduct in abandoning or neglecting a patient in need of immediate professional care, ordering excessive unwarranted treatment of a patient and failing to maintain adequate records. Petitioner denied the charges and a hearing was held on eight days over a period of nine months before a panel of the State Board for Professional Medical Conduct (hereinafter the Hearing Committee).

At the conclusion of the hearing, the Hearing Committee issued its report finding petitioner guilty of a number of the specifications of negligence on more than one occasion, incompetence on more than one occasion, gross negligence, gross incompetence and unprofessional conduct, and recommended revocation of petitioner's license. The Commissioner of Health modified the findings and recommendations of the Hearing Committee and, upon further review, the Regents Review Committee recommended to respondent Board of Regents (hereinafter the Board) that the Commissioner of Health's recommendation be rejected, that the Hearing Committee's findings regarding misconduct be adopted with some exceptions and that the penalty be modified to a five-year suspension of petitioner's license, with a stay of the last three years. The Board adopted the findings and recommendations of the Regents Review Committee, and respondent Commissioner of Education issued an order suspending petitioner's license accordingly.

The determination should be confirmed. Initially, we reject petitioner's contention that respondents' decision is unsupported by substantial evidence. Upon review of the record, we find ample support for respondents' conclusion that petition-

er's guilt was established by a preponderance of the evidence *(see,* Education Law § 6510 [3] [c]). Respondents' two medical witnesses evaluated petitioner's office and hospital records of five of his patients, documenting several departures from good medical practice. Respondents' proof demonstrated that petitioner failed to complete an adequate history for the patients, failed to request consultations with appropriate specialists, administered drugs inappropriately and without adequate testing, and delayed treatment of some patients for several hours after admission or after certain test results were obtained. Petitioner's own expert acknowledged that petitioner's care and treatment was insufficient at times and that petitioner failed to keep adequate records. While petitioner has exhaustively discussed the medical treatment of each patient and has noted inconsistencies in the testimony, the resolution of such factual issues is exclusively within the province of the Board *(Matter of Mruthyunjaya v State of New York Educ. Dept.,* 127 AD2d 881, 882, *lv denied* 70 NY2d 605; *see, Matter of Nadell v Ambach,* 136 AD2d 804, 805). Moreover, the findings of professional misconduct are within the discretion and expertise of the administrative agency *(Matter of Heins v Commissioner of Educ. of State of N. Y.,* 111 AD2d 535, 536, *lv denied* 65 NY2d 611).

Nor are we persuaded that the hearing was conducted in violation of lawful procedure. First, other than in certain narrowly defined circumstances not applicable here, the right to effective assistance of counsel does not extend to civil actions or administrative proceedings *(see, Matter of Allen v Board of Regents,* 140 AD2d 824, 825-826; *Matter of Sasson v Commissioner of Educ.,* 127 AD2d 875, 876). Second, there is no requirement that the Hearing Committee members be specialists in any particular field *(see,* Education Law § 6510 [3] [b]; Public Health Law § 230 [1], [6]; *Matter of Rosenberg v Board of Regents,* 96 AD2d 651, 652, *lv denied* 61 NY2d 608). Third, we reject petitioner's argument that the Board merely "rubberstamped" the determination of the Hearing Committee *(see, Matter of Di Marsico v Ambach,* 48 NY2d 576, 582). Finally in this regard, petitioner's challenge to the qualifications of respondents' expert, a board-certified internist, has not been preserved for our review *(see, e.g., Matter of Kuen Hai Chen v Ambach,* 121 AD2d 777, 779, *lv denied* 68 NY2d 610).

As a final matter, we find the penalty, which amounts to a two-year suspension of petitioner's license and probation for an additional period of three years, to be neither harsh nor

excessive. Bearing in mind the seriousness of petitioner's misconduct and our limited scope of review, we cannot say that the sanction imposed, in light of all the circumstances, is so disproportionate to the offenses as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Nadell v Ambach, 136 AD2d 804, 806, supra; Matter of Villaflor v Board of Regents, 109 AD2d 925, 926).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.