■ In the Matter of MACLYN R. TURLEY, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to review a determination of the Board of Regents suspending the license of the petitioner, an architect, for a period of one year but staying execution of the last six months of that suspension. The basic facts in this proceeding are not in dispute. Petitioner was a member of a firm of architects and engineers. In January, 1970 a partner in the firm made cash payments to two county legislators in order to facilitate certain contract negotiations. In February, 1970 petitioner was informed by his partner that money had passed to the legislators and that he would be expected to draw a check or checks on the partnership account for future payments. Petitioner refused to draw checks or participate in the arrangements. In the summer of 1970 the partner told petitioner that $26,000 or $28,000 had passed to the legislators, and petitioner again told him to stop. Petitioner made no effort to communicate with any law enforcement agencies or other authorities about the illegal transactions nor did he make any effort to prevent the continuation of the illegal payments. Petitioner was charged with unprofessional conduct, and fraud, deceit and misconduct in violation of former section 7308 of the Education Law under three specifications. The first specification in substance charged unprofessional misconduct in that beginning in January, 1970 petitioner conspired with others to bribe two named county legislators. The second specification charged petitioner with fraud and deceit or misconduct by virtue of the same misconduct set forth in the first specification. The unprofessional conduct charged in the third specification was based on petitioner's alleged failure to take affirmative steps to stop the illegal activities or to notify the lawful authorities of these activities, despite his knowledge that his partners had paid and were to pay in the future, bribes to the two legislators. After a hearing petitioner was found guilty on all specifications and a one-year suspension was recommended on each specification to run concurrently. The Board of Regents accepted the hearing committee's findings but modified the suspension to the extent of staying the execution of the last six months of the concurrent suspensions. Upon a review of the record as a whole it is the opinion of this court that there is no substantial evidence to support a finding that

petitioner was guilty of the charges contained in the first two specifications. Both specifications, in effect, allege petitioner's involvement in a conspiracy to commit bribery. The term "conspiracy" must be interpreted in light of its traditional meaning in the law (see *Matter of Tompkins v Board of Regents of Univ. of State of N. Y.,* 299 N.Y. 469). Although the board was not bound by the Penal Law definition of conspiracy it is important to note that the essence of a conspiracy involves an agreement between or among two or more persons (see *People v Epton,* 19 NY2d 496, 508). There is no substantial evidence to support a finding that petitioner had ever agreed with one or more of his partners to bribe the two legislators. Although petitioner could be found to have known of past illegal payments and that future illegal payments would be made, no evidence of any agreement to participate in such payments was ever offered or produced. The record is to the contrary. It demonstrates that of the four alleged payments, the first two had already been made when petitioner initially learned of the scheme. The remaining payments were also accomplished before plaintiff was advised and after he had refused to participate in the plan and had warned his partners not to do so. As the substance of the first two specifications charge petitioner with conspiracy to commit bribery, and the existence of any agreement cannot even be implied as between petitioner and anyone else, we conclude that the determination as to specifications one and two must be annulled. We do find, however, substantial evidence to support a finding of petitioner's guilt of the third specification. Petitioner himself admitted that he was told by his partner that some illegal payments had taken place and that he would be expected to sign partnership checks through which cash would be used for future illegal payments. As to the penalty, it is significant that petitioner received an identical suspension on each of the three charges, to run concurrently. Consequently, even though the findings of charges one and two are annulled, petitioner is still subject to the same penalty on charge three and, in our view, the board's determination should not be disturbed. *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination modified, by annulling so much thereof as found petitioner guilty of the charges alleged in specifications one and two and suspending his license upon each of specifications one and two, and, as so modified, confirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Reynolds, JJ., concur.