■ In the Matter of HERBERT SCHWARZ, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510-a, subd 4) to annul a determination of the Commissioner of Education which suspended petitioner's license to practice medicine in New York State for two years, and stayed the execution of the last one and one-half years of this suspension, placing petitioner on probation for that period. Petitioner, a physician licensed to practice medicine in New York State, was charged with five specifications of professional misconduct in the treatment of four patients who had come to him for abortions during the years 1977 and 1978. After a lengthy disciplinary hearing, the State Board for Professional Medical Conduct (board) found petitioner guilty of two of the charges, (1) negligence or incompetence on more than one occasion (Education Law, § 6509, subd [2]) with respect to one patient, and (2) unprofessional conduct in failing to keep patient records which accurately reflect the evaluation and treatment of these four patients (Education Law, § 6509, subd [9]; 8 NYCRR 29.2 [3]). The board also made certain disciplinary proposals. The regents review committee adopted the board's findings and conclusions, but modified its disciplinary proposals by recommending that petitioner's license be suspended for two years upon each of the charges on which he had been found guilty, these suspensions to run *concurrently,* and that the last one and one-half years of the suspensions be stayed and petitioner placed on probation for that period. The Board of Regents accepted its review committee's recommen-

dations, and the Commissioner of Education issued an order to that effect. Thereafter the parties stipulated to withdraw the finding of negligence or incompetence on more than one occasion, leaving only the finding of unprofessional conduct for failure to keep patient records as required under 8 NYCRR 29.2 (3). Petitioner seeks review, contending that the finding of unprofessional conduct is not supported by substantial evidence and that the measure of discipline imposed was disproportionate and excessive. Petitioner's four patient records at issue here each contain only sparse information. For example, they contain no notations concerning blood pressure or body weight, no results of a physical exam, no laboratory test reports. Petitioner testified that it was his policy to note "only unusual and exceptional matters" on these cards. Thus, if a patient's record contains nothing about the patient's history, physical exam, abnormalities, or the procedure that was performed, this indicates to petitioner that all these matters were "normal". Petitioner claims that the records, thus interpreted, are accurate reflections of his evaluation and treatment of each patient, and that accuracy, not adequacy, is all that is required in patient records under 8 NYCRR 29.2 (3). In other words, he contends that the regulation is satisfied if objectively inadequate records are accurate when interpreted by the treating physician. This contention is clearly without merit. The purpose of the recordkeeping requirement is, at least in part, to provide meaningful medical information to other practitioners should the patient transfer to a new physician or should the treating physician be unavailable for any reason. Petitioner's records certainly do not meet this standard of objectively meaningful medical information. Even petitioner's own witness, Dr. Merendino, when asked if petitioner's method of record keeping reflected the evaluation and treatment of a patient, replied that if he were just to look at one of petitioner's records, without any explanation or interpretation from petitioner, "I don't think I'd get too much information from it." Furthermore, unprofessional conduct is also defined as including failure to make a patient's records available to succeeding practitioners, after a proper request (8 NYCRR 29.2 [6]). Inadequate records clearly would make this requirement to provide records to other medical personnel meaningless. Thus, for the foregoing reasons, a patient record so sparse as to be accurate and meaningful only to the recording physician fails to meet the intent of the requirement to maintain records which "accurately reflects the evaluation and treatment of the patient" (8 NYCRR 29.2 [3]). We find that the determination of unprofessional conduct is supported by substantial evidence (see *Matter of Jay v Board of Regents,* 50 AD2d 967; *Matter of Snyder v Board of Regents,* 50 AD2d 966). Petitioner also contends that the measure of discipline imposed is excessive because at the time it was assessed an additional charge was being considered, which was later withdrawn by stipulation. However, identical sanctions were imposed on each charge, to run concurrently, and petitioner is still subject to the same penalty on the remaining charge (*Matter of Turley v Board of Regents,* 54 AD2d 1020). Moreover, we find the measure of discipline here neither disproportionate to the offense nor shocking to our sense of fairness (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Petitioner's remaining points are without merit. Therefore, the board's determination should not be disturbed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.