■ In the Matter of JOSEPH WERNER, Appellant, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT No. 11 et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel respondents Middle Country Central School District No. 11 and the Board of Education of Middle Country Central School District No. 11 to grant petitioner access to and use of teacher mailboxes, the appeal is from a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered October 16, 1980, which dismissed the petition. Judgment affirmed, without costs or disbursements. The policy of the school district in granting exclusive access to teacher mailboxes to the Middle Country Teachers Association (MCTA), the exclusive bargaining representative pursuant to a collective bargaining agreement between it and the school district, does not constitute a denial of petitioner's right to freedom of speech. Given the many alternative facilities available to petitioner for communicating with his colleagues and the interest of the school district in fostering labor stability through its policy, the denial of access to teacher mailboxes to petitioner did not infringe upon petitioner's right to freedom of speech (see *Connecticut State Federation of Teachers v Board of Educ. Members,* 538 F2d 471). In this regard, petitioner's reliance upon *Friedman v Union Free School Dist. No. 1, Town of Islip* (314 F Supp 223) is misplaced, for there, unlike here, the administrative prohibition was not narrowly focused. Petitioner further argues that his right to equal protection was violated. Equal protection analysis demands that when a "suspect" classification is involved or when the challenged classification impinges upon "fundamental interests" or First Amendment rights, the challenged classification is subject to "strict scrutiny," and, to pass constitutional muster must be supported by a compelling State interest (*Carey v Brown,* 447 US 455; *Matter of Griffiths,* 413 US 717; *Police Dept. of Chicago v Mosley,* 408 US 92; *Dunn v Blumstein,* 405 US 330; *Loving v Virginia,* 388 US 1). When, however, a "suspect" classification, "fundamental interests" or First Amendment rights are not involved, the challenged classification, generally, need only be rationally related to a valid State interest (*Vance v Bradley,* 440 US 93). Our determination that the school district's policy does not constitute an

infringement of petitioner's right to freedom of speech, though relevant, is not dispositive of his equal protection claim (*Connecticut State Federation of Teachers v Board of Educ. Members, supra,* p 483), for it is the differential treatment of persons similarly situated that strikes at the heart of the right to equal protection (*Schlesinger v Ballard,* 419 US 498, 508-510; see, generally, Nowak-Rotunda-Young, Constitutional Law [1978], p 520). Here, however, petitioner's claim may be disposed *in limine* since MCTA and petitioner are not similarly situated such that the school district's policy can be said to be discriminatory in fact. MCTA, as the exclusive bargaining representative, has been granted exclusive access to teacher mailboxes to aid in its representation. As recognized by the school district in its verified answer to the petition, its policy cannot be effectuated during that period of time when MCTA's representation status may be properly challenged (see Civil Service Law, § 208, subd 2). Apart from MCTA, access is denied to all teachers, whether or not they are members of MCTA (we note the petitioner is not a member). Accordingly, we affirm. Damiani, J. P., Lazer, Gibbons and Gulotta, JJ., concur.