■ In the Matter of HAROLD ROSENBERG, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510-a, subd 4) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice medicine in the State of New York. Petitioner was a licensed osteopath engaged in a general family practice in New York City when, in June of 1979, the State Board for Professional Medical Conduct brought charges against him claiming that he was guilty of fraud, gross negligence and/or gross incompetence, and negligence and/or incompetence in his practice of medicine. Following a disciplinary hearing before a panel of the State Board for Professional Medical Conduct, the

panel concluded that petitioner was guilty of the charges with regard to his care and treatment of four of his patients and recommended that his license to practice medicine be revoked. Concurring in these findings, the Commissioner of Health forwarded the recommendation to respondent Board of Regents whose Regents Review Committee likewise agreed with the findings. As a consequence, the Commissioner of Education issued an order revoking petitioner's license to practice medicine and the instant proceeding ensued. We hold that the challenged determination should be confirmed. In so ruling, we note that there is clearly substantial evidence to support respondent's findings of fact and conclusions sustaining the charges at issue (see *Matter of Pell v Board of Educ.,* 34 NY2d 222) and that the factual findings are not impermissibly vague; rather, the panel specifically identified each of the instances of petitioner's misconduct and the reasons for its conclusions. Given the overwhelming evidence of misconduct presented, the penalty imposed likewise does not shock one's sense of fairness (see *Matter of Pietranico v Ambach,* 82 AD2d 625, affd 55 NY2d 861) and, while the panel's factual findings that petitioner was guilty of fraudulently practicing medicine were technically inaccurate and inartfully worded in that they were based upon findings that petitioner "knew or should have known" that his treatment of patients was worthless and unnecessary, an abundance of evidence in the record conclusively establishes that petitioner acted knowingly and intentionally in treating the subject patients. Lastly, petitioner's argument that his constitutional rights to equal protection and due process of law were violated because no osteopath served on the hearing panel is similarly unpersuasive. Certainly the pertinent statute does not require that an osteopath serve on such a panel (Public Health Law, § 230, subds 1, 5, 6) and the Legislature's actions in establishing the disciplinary scheme were plainly rationally related to a valid State interest and, consequently, pass constitutional muster (*Matter of Werner v Middle Country Cent. School Dist. No. 11,* 89 AD2d 967, app dsmd 58 NY2d 823). Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.