■ In the Matter of ROBERT C. VIXON, Petitioner, v GORDON

M. AMBACH, as Commissioner of Education, Respondent.— Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to annul a determination of respondent which revoked petitioner's license to practice medicine in New York State.

Petitioner, a 55-year-old physician, appeals from respondent's determination which revoked his license to practice medicine. Petitioner was charged with 59 specifications alleging professional misconduct (Education Law § 6509). Most serious of the charges was that petitioner's ability to practice medicine was seriously impaired by Parkinson's disease which was accompanied by dementia (see, Education Law § 6509 [3]). Also of a highly serious nature was the charge that petitioner, without a showing of necessity and absent proper clinical controls, issued multiple controlled substances to individual patients in a manner which constituted a risk to their health (see, Education Law § 6509 [2]).

A hearing was held at which petitioner elected to proceed without counsel. Petitioner had submitted to medical examinations and the findings were that petitioner had significantly impaired coordination and motor activities as a result of Parkinson's disease. He was also found to have dementia which was manifested by such symptoms as delusional ideas. Petitioner had also been permanently prohibited from participating as a provider in the Medicaid program and had been excluded from receiving reimbursement for his services from the Medicare program for six years. Both determinations followed hearings which found repeated unacceptable medical practices by petitioner, including improper procedures in prescribing medications and ordering X rays. Respondent upheld the decision that petitioner was guilty of professional misconduct and recommended that his license be revoked. The record supports that determination.

Petitioner suffers from a mental condition which could endanger the health of patients under his care (see, Matter of Salva v Board of Regents, 92 AD2d 953). The record supports the finding that petitioner was also guilty of misadministering drugs, failing to maintain accurate records and ordering unnecessary treatment for patients (see, Matter of Freymann v Board of Regents, 102 AD2d 912, appeal dismissed 64 NY2d 645; Matter of Rosenberg v Board of Regents, 96 AD2d 651, 651-652, lv denied 61 NY2d 608).

We find that petitioner was provided a full and fair hearing and was properly given notice that he was permitted to have counsel present at all stages of the proceeding (see, Patricia W.

*Walston, P. C. v Axelrod,* 103 AD2d 769, 770-771, *lv denied* 64 NY2d 611). The hearing comported with the requirements for administrative proceedings and a preponderance of the evidence supported respondent's determination to revoke petitioner's license to practice medicine *(see, Matter of Gould v Board of Regents,* 103 AD2d 897; *see also,* Education Law § 6510 [3] [c]).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.