In the Matter of DAVID AXELROD, as Commissioner of Health of the State of New York, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, April 2, 1987

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (C. Michael Reger* of counsel), for petitioner.

*Donald O. Meserve, Robert D. Stone* and *James H. Whitney* for Gordon M. Ambach and another, respondents.

*Anthony D. Denaro* for Emanuel Revici, respondent.

### OPINION OF THE COURT

CASEY, J.

In December 1983, petitioner instituted a revocation of medical license proceeding against respondent Emanuel Revici for professional misconduct. The misconduct consisted of practicing fraudulently, gross incompetency and failure to keep proper records. Hearings on these charges were conducted by petitioner's Board for Professional Medical Conduct on 19 separate dates which extended well over a year. Revici was represented at the hearings by six separate attorneys, the last of which was Henry Rothblatt, who appeared on Revici's behalf on the last eight hearing days from July 18, 1984 through May 15, 1985. Petitioner's hearing committee found Revici guilty of 9 of the 12 charges alleged against him, partially guilty of another charge, and recommended revocation of his medical license to practice in this State. Petitioner recommended to respondent State Board of Regents that it adopt the findings and recommendations of the hearing committee.

When the proceeding came before the Regents Review Committee, Revici requested, *inter alia,* that the report and recommendations of the hearing committee be rejected and that the charges against him be dismissed for lack of substantial evidentiary support or, alternatively, that a new hearing be ordered to afford Revici the opportunity of presenting additional evidence because he was denied effective representation by Rothblatt due to the physical and mental incapacity of Rothblatt resulting from a brain tumor. The Regents Review Committee found that a prima facie case had been established against Revici, but also found that he had been denied effective representation by counsel due to Rothblatt's condition. Accordingly, the Regents Review Committee recommended a new hearing in which Revici could present testimony and offer evidence in his defense, with the further recommendation that the evidence presented by petitioner be left intact without further hearings. The Board of Regents adopted these recommendations and respondent Commissioner of Education so ordered.

Petitioner here seeks to review this determination at this juncture, pursuant to Education Law § 6510-a (4), under his general powers and duties to protect the public from incompetent medical practitioners, and requests judgment compelling a determination on the present record without further hearings. Respondents move to dismiss the petition as academic and premature.

Initially, we consider the question of petitioner's standing, an issue raised in respondents' answer but not briefed before this court.* In our opinion, petitioner's role in this administrative proceeding is limited to holding hearings and submitting recommendations to the Commissioner of Education and the Board of Regents (Public Health Law § 230). Petitioner is not empowered to participate in the decision-making process here (see, Education Law § 6510-a [2]). As Commissioner of a State agency charged with a preliminary hearing role only, petitioner lacks the requisite standing to institute this proceeding against the State agency charged with making the determination (see, Matter of Pooler v Public Serv. Commn., 58 AD2d 940, affd 43 NY2d 750). Petitioner cites no authority permitting his institution of this proceeding in pursuit of his purposes and has failed to demonstrate aggrievement by the order that he attacks here (cf., Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 442-443). Continuation of the hearings, as ordered, in no way diminishes petitioner's duties in regard to public protection, for petitioner has already imposed restrictions on Revici's continued practice of medicine, which will continue throughout the proceeding.

Even if we were to grant petitioner standing to bring this proceeding and consider the merits, we would not interfere with the determination of the Commissioner of Education which is not yet final, and for that reason is not yet reviewable by this court, at least in the absence of a showing of irreparable harm (see, Matter of Martin v Ambach, 85 AD2d 869, 871, affd on opn below 57 NY2d 1001). Such showing has not been attempted here and is unlikely in view of the restrictions imposed.

Furthermore, the evidence is uncontroverted in the medical report of May 30, 1985 that Rothblatt had poor orientation and difficulty in speech and memory, and that this condition, caused by a brain tumor which resulted in his death, could be

---

* Upon oral argument, respondents' counsel stated that respondents did not intend to abandon the claim of lack of standing.

found evident while he represented Revici in another case during the months which immediately preceded this diagnosis. A person whose medical license is subject to being revoked has the right to counsel (Public Health Law § 230 [10] [c], [f]). If that right is not effectively waived *(see, Matter of Vixon v Ambach,* 114 AD2d 617), due process requires such representation *(Patricia W. Walston, P. C. v Axelrod,* 103 AD2d 769, 770, *lv denied* 64 NY2d 611). This right requires more than the privilege of being accompanied by counsel at an administrative hearing *(Matter of Fusco v Moses,* 304 NY 424, 433). The Board of Regents, therefore, had a basis in law to assure Revici effective representation by counsel, and the medical report provides substantial evidence for the order to hold additional hearings limited to affording Revici an opportunity to present further evidence in his defense, with petitioner's case left intact.

As to the claimed waiver of these hearings by counsel for Revici, it is noted that counsel's position at oral argument was that Revici's right to counsel had been irretrievably and effectively lost and for that reason the disciplinary proceedings against him should be dismissed on the merits. While we find this position untenable, we do not view it as a waiver of the further hearings which were ordered.

For all of these reasons, the petition should be dismissed.

MAHONEY, P. J., MAIN, MIKOLL and HARVEY, JJ., concur.

Petition dismissed, without costs.