■ In the Matter of EMANUEL REVICI, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a

[4]) to review a determination of respondent which, *inter alia,* revoked petitioner's license to practice medicine in New York.

Petitioner, a physician licensed in New York, was charged with six specifications of professional misconduct, which consisted of practicing fraudulently, gross incompetence, gross negligence, negligence or incompetence on more than one occasion (two specifications) and improper record keeping. The specifications generally allege that petitioner caused the patients A, B and C to believe that he could cure their cancer with a course of treatment which was inadequate and that he dissuaded the patients from seeking other treatment. The charges were amended to add a seventh specification alleging, *inter alia,* that petitioner had treated the subject patients with agents unapproved for the treatment of cancer in violation of 8 NYCRR 29.1 (b) (1). Additional specifications added during the course of the proceeding were not sustained and are not discussed.

Extensive hearings were conducted between January 1984 and May 1985, and petitioner was represented by six different attorneys. The Hearing Committee found that petitioner was guilty of five specifications and partially guilty of one specification and recommended that his license to practice medicine be revoked. The Commissioner of Health recommended that the report of the Hearing Committee be adopted. Petitioner then appeared before the Regents Review Committee (hereinafter Review Committee), which recommended that the proceeding be remanded to the Hearing Committee to permit the taking of additional evidence due to the alleged incapacity of petitioner's final counsel. The Review Committee's recommendation was adopted by the Board of Regents (hereinafter Board) and respondent entered an order, but the Commissioner of Health instituted a CPLR article 78 proceeding in this court to review that decision *(Matter of Axelrod v Ambach,* 126 AD2d 288). We determined that the Commissioner of Health lacked standing to challenge the order and further found that the Board had a basis in law to ensure petitioner effective representation by counsel *(supra,* at 291). We also found substantial evidence to justify respondent's order to hold additional hearings to afford petitioner a further opportunity to present evidence in his defense *(supra).* However, petitioner, represented by new counsel, failed to appear at a newly scheduled hearing on August 19, 1987. The Hearing Committee then reaffirmed its original findings and recommendations, including revocation of petitioner's license.

Thereafter, a hearing was held before the Review Commit-

tee, which later issued a report accepting the findings of the Hearing Committee with certain exceptions. The Review Committee recommended that petitioner be found guilty of practicing with gross negligence, gross incompetence and negligence or incompetence on more than one occasion, using unauthorized drugs in treating all three patients and failing to keep adequate medical records for all three patients. All other charges were dismissed. The Review Committee recommended that petitioner's license be revoked.

The Board thereafter adopted the findings and recommendations of the Review Committee and voted to revoke petitioner's license, but stayed the revocation and placed petitioner on probation for five years. Respondent issued an order in accordance with the Board's determination. Petitioner thereafter commenced this CPLR article 78 proceeding pursuant to Education Law § 6510-a (4) to review respondent's determination.

Our review of the relevant testimony and evidence concerning the charges which were sustained persuades us to the view that the Board's decision was supported by substantial evidence in the record and must be confirmed (see, Matter of Reisner v Board of Regents, 142 AD2d 22, 28). The record establishes that patient A, a woman in her 60's, sought treatment by petitioner after she heard on a radio program that he treated breast cancer without surgery. Petitioner's medical records show that he treated patient A from 1980 through 1983 with various agents not approved by the Food and Drug Administration (hereinafter FDA) for cancer therapy, including vinegar, baking soda, soft boiled eggs and coffee. Further, contrary to petitioner's advice, patient A went to the emergency room of a hospital where she was diagnosed by Dr. David Posnett, an oncologist, as having breast cancer that had metastasized to her spine resulting in paralysis to her right arm. Posnett characterized her treatment by petitioner as appalling and shocking and also testified that petitioner's medical records on patient A indicated a deviation from acceptable medical practice.

Next, expert testimony was presented at the hearing which conclusively proved that petitioner's medical records for patients A, B and C were inadequate. It was established by expert medical proof that the records were insufficient because they lacked any information concerning the patients' history, measurement of the tumor, description of the condition, laboratory data or data from a physical examination. The expert testified that he could not conclude from the records what

treatment the patients were receiving and that he would be unable to maintain any continuity of treatment if the subject patients had been transferred to his institution. Expert testimony was also presented that various drugs and substances used by petitioner were not approved by the FDA for cancer treatment in humans. In fact, petitioner conceded that the agents he had used had not been approved by the FDA for cancer treatment and his medical records reveal the same.

The cumulative effect of the proof presented at the hearings and summarized above constitutes substantial evidence supporting the determination of gross negligence, gross incompetence and negligence or incompetence on more than one occasion as to patient A, which are matters within the expertise of the Board (see, Matter of Olesh v Ambach, 134 AD2d 736, 738, lv denied 71 NY2d 804; Matter of Heins v Commissioner of Educ. of State of N. Y., 111 AD2d 535, 536, lv denied 65 NY2d 611). Further, the evidence supports the determination that petitioner's medical records for the subject patients were inadequate as they are lacking in objectively meaningful medical information (see, Matter of Schwarz v Board of Regents, 89 AD2d 711, 712, lv denied 57 NY2d 604). Finally, there was sufficient evidence to support the conclusion that petitioner used unauthorized agents to treat cancer (see, Matter of Cole v New York State Dept. of Educ., 94 AD2d 904, 905, lv denied 60 NY2d 556). The evidence relied on by petitioner to support his position that his treatment of the subject patients was beneficial and acceptable merely created issues of fact and credibility that are solely within the province of the Board to resolve (see, Matter of Prokopiw v Commissioner of Educ., 149 AD2d 874).

Lastly, petitioner's claim that his due process rights were violated by the denial of his request for a de novo evidentiary hearing is without merit. As noted above, petitioner was afforded an opportunity to present further evidence in his defense at additional hearings because of the physical and mental incapacity of one of his former attorneys (Matter of Axelrod v Ambach, 126 AD2d 288, supra) but failed to appear at the first scheduled hearing. Petitioner's presence at the hearing was not required by due process and his choice not to appear does not require additional proceedings (see, Matter of Laverne v Sobel, 149 AD2d 758). We further see no evidence of bias as claimed by petitioner.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.