■ In the Matter of ELI SUSLOVICH, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of the Commissioner of Education, which, *inter alia,* suspended petitioner's license to practice psychology in New York for three months.

Petitioner, a State-licensed psychologist, agreed to provide one of his patients, JBW, with 10 psychotherapy sessions. After attending the first five sessions, JBW notified petitioner that he would be unable to attend the remainder. Thereafter, following what purportedly was the standard procedure in the clinical community when a patient cancels scheduled sessions, petitioner submitted an insurance claim for all 10 sessions. The insurance carrier notified the Office of Professional Disci-

pline of respondent Department of Education that petitioner had filed a claim for services not rendered. Charges were then lodged against petitioner stemming from his treatment of JBW.

After a hearing, petitioner was found guilty of the third and fourth specifications in the statement of charges: unprofessional conduct for failing to maintain proper medical records for JBW, and practicing the profession negligently on more than one occasion for allegedly submitting a false insurance claim form regarding the number of psychotherapy sessions actually provided JBW and for failing to keep proper patient records for him. Notably, the Hearing Panel found petitioner innocent of the other two specifications: fraud and unprofessional conduct for submitting an insurance claim form for services never rendered. Respondent Board of Regents adopted these findings and imposed a penalty of three months' suspension for each charge to run concurrently, monitored probation for one year and enrollment in a course on professional ethics. The Commissioner of Education then adopted the Board's decision. Petitioner commenced this proceeding in which he urges that his records were adequate, that he did not improperly bill the insurance company and that the sanction imposed was excessive.

Our review is limited to addressing whether the Commissioner's determination is supported by substantial evidence or is arbitrary and capricious *(Matter of Hirose v Sobol,* 167 AD2d 570; *see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231). There is ample evidence that petitioner failed to maintain adequate medical records with respect to JBW. The purpose behind the requirement that a proper record be kept for each patient (8 NYCRR 29.2 [a] [3]) is in part to ensure that meaningful information is recorded in case the patient should transfer to another professional or the treating practitioner should become unavailable *(Matter of Schwarz v Board of Regents,* 89 AD2d 711, 712, *lv denied* 57 NY2d 604; *see, Matter of Revici v Commissioner of Educ. of State of N. Y.,* 154 AD2d 797, 799-800).

Here, the only records petitioner had for JBW were those that petitioner said he "kept in his head" and a copy of the insurance claim form with the accompanying bill. The latter indicated a "Personality Disorder—Depression and Anxiety" diagnosis, "Psychotherapy" treatment, and the dates of the scheduled sessions; no other information was provided. Even assuming that petitioner actually intended the claim form to serve as the patient's medical record—which is highly doubt-

ful—the sparse data contained therein does not meet the meaningful information standard.

Although the finding that petitioner failed to maintain proper medical records is fully sustainable, the finding that petitioner is also guilty of "[p]racticing the profession * * * with * * * negligence or incompetence *on more than one occasion*" (Education Law § 6509 [2] [emphasis supplied]) is not. The conduct underlying this fourth specification of the charges consists of petitioner's failure to keep proper patient records for JBW, which as noted is readily sustainable, and his filing of a false insurance form. Significantly, petitioner was found innocent of the latter conduct. As a consequence, the only event supporting this professional misconduct charge is the record-keeping violation. That, however, is not enough to constitute negligence "on more than one occasion" as the Legislature perceived that phrase *(see generally, Matter of Yong-Myun Rho v Ambach,* 74 NY2d 318, 322-323). The fourth specification must therefore be dismissed.

As to the penalty, petitioner's contrary argument notwithstanding, we are persuaded that the Board has authority to have petitioner's practice monitored *(see,* Education Law § 6511-a [c]). Nevertheless a remittal is required, for our dismissal of the fourth specification makes further review of the appropriateness of the penalty expedient; penalties in addition to the concurrent suspensions were imposed based on the assumption that petitioner was guilty of two rather than, as we find, only one of the specifications.

Mahoney, P. J., Casey, Mikoll and Crew III, JJ., concur. Adjudged that the determination is modified, on the law, without costs, by annulling so much thereof as found petitioner guilty of the fourth specification; said specification dismissed and matter remitted to the Commissioner of Education for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed.