■ In the Matter of CLAUDE AMARNICK, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law former § 6510-a [4]) to review a determination of respondent Commissioner of Education which suspended petitioner's license to practice medicine in New York for three years.

In a prior CPLR article 78 proceeding in which petitioner, an osteopath, challenged a determination that he was guilty of fraud, failure to adequately maintain patient records and conduct evidencing moral unfitness while practicing medicine,

this court found that, while the charge that petitioner had failed to adequately maintain patient records was supported by substantial evidence, the other charges were not and remitted the matter to respondents for assessment of the appropriate penalty *(Matter of Amarnick v Sobol,* 173 AD2d 914). Upon remittal, the same Regents Review Committee (hereinafter the Committee) which had initially urged license revocation now recommended suspension of petitioner's license for three years with the last two years stayed, during which time petitioner would be placed on probation, the terms of which included, among others, random monitoring of petitioner's patient records and a requirement that petitioner satisfactorily complete a course of training in record keeping. Respondent Board of Regents adopted the Committee's recommendation and respondent Commissioner of Education entered an appropriate order. Petitioner thereupon commenced the instant CPLR article 78 proceeding to annul the Commissioner's determination.

The contention that the determination must be annulled because the Committee was necessarily biased against petitioner, as evidenced by its previous recommendation sustaining the charge of fraud against him, is unconvincing. Notably, it was not the Committee but the Commissioner, upon the vote of the Board of Regents, who made the final determination as to the penalty to be imposed. In any event, aside from referring to the Committee's language concerning the fraud charges in its previous recommendation and the penalty suggested following remittal which, it should be noted, is substantially more lenient than that previously recommended, petitioner has offered no facts to support his claim of bias or proof that the outcome flowed therefrom *(see, Matter of Warder v Board of Regents,* 53 NY2d 186, 197, *cert denied* 454 US 1125; *Matter of Wolf v Ambach,* 95 AD2d 877, 878). Moreover, the Committee specifically observed in its report that it was considering only the 15 specifications confirmed by this court and that it "disregarded all references to fraud, negligence, incompetence, excessive testing, and moral unfitness". Petitioner's unsubstantiated assertion of bias does not overcome "the presumption of honesty and integrity which [the Committee], as an administrative body, enjoys" *(Matter of Gould v Board of Regents,* 103 AD2d 897).

Nor are we persuaded by petitioner's claim that the penalty is unsupported by the factual findings or that it is harsh and excessive. In arriving at the penalty it recommended, the Committee relied upon, among others, the following findings

of fact: that petitioner's reports of studies, impressions and conclusions were exactly alike in nine patient cases, that patient records were very similar in their evaluations in 15 patient cases, that these findings did not reflect expected variations between the individual patients and were inconsistent with information in the records in 13 patient cases, and that tests and test results were not recorded in five patient cases. Having had a full and fair opportunity to challenge these identical findings of fact previously *(Matter of Amarnick v Sobol, supra)*, petitioner is collaterally estopped from doing so now *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 665-666; *Mahota v City of Hudson,* 179 AD2d 845, *lv denied* 79 NY2d 760).

It is also worth noting that the fact that these factual findings were found insufficient to support charges of fraud and moral unfitness does not preclude their use to substantiate the charge of inadequate record keeping. Based on these findings of fact, the Committee's unanimously expressed conclusion, that petitioner's "irresponsible record-keeping practices placed his patients at risk in obtaining appropriate medical care and information, and represented an unacceptable pattern regarding [petitioner's] records as to the evaluation and treatment of these fifteen patients", is reasonable and the penalty prescribed not inappropriate *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, 234; *Matter of Edelman v Sobol,* 174 AD2d 896, 897, *appeal dismissed* 78 NY2d 1006; *Matter of Krasowski v State Educ. Dept.,* 132 AD2d 120, 123, *appeal dismissed* 71 NY2d 890; *Matter of Schwarz v Board of Regents,* 89 AD2d 711, 712, *lv denied* 57 NY2d 604).

Mikoll, J. P., Crew III, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.