■ In the Matter of ROBERT MUCCIOLO, Petitioner, v HENRY A. FERNANDEZ, as Deputy Commissioner of Education of the State of New York, et al., Respondents. [599 NYS2d 757] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law former § 6510-a [4]) to review a determination of the Commissioner of Education which suspended petitioner's license to practice medicine in New York.

Petitioner, a licensed urologist, was charged by the State Board for Professional Medical Conduct with five specifications of professional misconduct arising from his treatment of pa-

tients A and B. The charges alleged that petitioner practiced the profession fraudulently, with negligence on more than one occasion, with gross negligence on two separate occasions (see, Education Law § 6509 [2]) and with failing to maintain accurate records (see, 8 NYCRR 29.2 [a] [3]).

An administrative hearing was conducted before a Hearing Committee, which found that the charges as to patient B were not sustained. The Hearing Committee found that during a combined cystoscopy and ureteroscopy procedure (hereinafter the first procedure) performed on patient A, a portion of her ureter was found on the tip of the ureteroscope, that petitioner performed a combined exploratory lapartomy and nephrostomy (hereinafter the second procedure) and that there was no dictated operative note for such procedure. The Hearing Committee determined that petitioner did not intentionally misrepresent or conceal facts concerning the procedures performed, that petitioner's treatment of patient A was not negligent or grossly negligent, and that numerous handwritten notes contained in the hospital record adequately reflected petitioner's care and treatment of patient A. The Hearing Committee recommended that no charges against petitioner be sustained.

Review procedures continued and the case reached the Regents Review Committee, which recommended that respondent Board of Regents (hereinafter the Board) accept the Hearing Committee's findings, proposed 22 additional findings of fact, and recommended that petitioner be found guilty of failing to maintain accurate patient records and that his license be suspended for one year, the suspension to be stayed. The Board accepted the findings, conclusion and penalty as recommended by the Regents Review Committee, and an order was entered reflecting the Board's determination. This CPLR article 78 proceeding was then commenced by petitioner.

Examination of the record reveals that the determination finding that petitioner failed to adequately maintain records which accurately reflect patient A's evaluation and treatment is supported by substantial evidence and that the penalty imposed is not disproportionate to the offense. The determination should therefore be confirmed.

Respondents' contentions—that the operative note for the first procedure was deficient because it failed to indicate what caused the avulsion and did not adequately reflect the subsequent treatment of patient A; that petitioner failed to prepare

an operative note on the second procedure detailing the reason for removal of the ureter or the method of repair; and that operative or progress notes in A's file, prepared by others, did not relieve petitioner of the duty to enter such information—have support in the record and are meritorious.

As to the first procedure, petitioner's description of observing mucosa on the ureteroscope upon its removal from patient A was not accurate, as petitioner admitted. The operative note did not indicate the cause of the avulsion or the damage to the bladder. The handwritten preliminary operative note for the second procedure failed to furnish adequate information concerning the observations made and petitioner did not prepare or take steps to assure the preparation of a formal operative note bearing such information. Admittedly, petitioner merely "assumed" that it was or would be prepared. "The purpose behind the requirement that a proper record be kept for each patient (8 NYCRR 29.2 [a] [3]) is in part to ensure that meaningful information is recorded in case the patient should transfer to another professional or the treating practitioner should become unavailable" *(Matter of Suslovich v New York State Educ. Dept.,* 174 AD2d 802, 803 [citations omitted]; *see, Matter of Schwarz v Board of Regents,* 89 AD2d 711, 712, *lv denied* 57 NY2d 604). A medical record that fails to convey objectively meaningful medical information concerning the patient treated to other physicians is inadequate *(see, Matter of Revici v Commissioner of Educ. of State of N. Y.,* 154 AD2d 797, 800; *see also, Matter of Schwarz v Board of Regents, supra,* at 712). Accordingly, the determination that petitioner failed to maintain adequate records is supported by substantial evidence.

We reject petitioner's argument that the penalty of license suspension for one year, such suspension to be stayed, is disproportionate to the offense because he did not attempt to conceal the avulsion and the hospital failed to notify him that an operative note was missing. Because the operative note concerning the first procedure was inaccurate and did not supply important information and there was no operative note detailing the second procedure, it cannot be said that the suspension of his license is disproportionate to the offense *(see, Matter of Amarnick v Sobol,* 185 AD2d 485, 486-487).

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.