[606 NYS2d 381]

In the Matter of SUSAN L. BOGDAN, Petitioner, v NEW YORK STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT et al., Respondents.

Third Department, December 30, 1993

### APPEARANCES OF COUNSEL

*Michael P. Barnes,* New York City *(Henry Mark Holzer* of counsel), for petitioner.

*Robert Abrams, Attorney-General,* New York City *(Michael S. Popkin* of counsel), for respondents.

### OPINION OF THE COURT

CARDONA, J.

Petitioner is a licensed physician specializing in anesthesiology. In April 1992, respondent State Board for Professional Medical Conduct charged petitioner with eight specifications alleging professional misconduct which included charges of gross negligence and/or gross incompetence, negligence and/or incompetence on more than one occasion and failure to keep accurate patient records, stemming from her treatment of six patients at Peekskill Community Hospital in Westchester County, designated as patients A through F.

Following an administrative hearing before a Hearing Com-

mittee on Professional Conduct (hereinafter the Committee), the Committee rendered its determination sustaining specifications 5 and 8. In specification 5, petitioner was charged with having practiced medicine with negligence on more than one occasion (see, Education Law § 6530 [3]) for failing to document information in the medical records of patients A, B, D, E and F, for leaving patient A without checking for vital signs or ascertaining that the patient was stable, and for anesthesia care rendered to patients B and D. In specification 8, petitioner was charged with failing to maintain adequate medical records (see, Education Law § 6530 [32]) for patients A, B, D, E and F. The Committee imposed no penalty upon petitioner, noting that petitioner had already undertaken a remediation program and that the deficiencies of which petitioner had been found guilty "resulted from carelessness, and a willingness to cut corners" rather than from a lack of professional knowledge. Both sides appealed to respondent Administrative Review Board for Professional Medical Conduct (hereinafter the Board) pursuant to Public Health Law § 230-c. The Board ultimately sustained the Committee's determination except in regard to its failure to impose a penalty. The Board imposed upon petitioner a two-year limited probation, with the sole condition that she submit her patient records to the Office of Professional Medical Conduct on a quarterly basis for review. After issuance of the Board's determination and order, petitioner commenced this CPLR article 78 proceeding.

Petitioner's primary contention is that the standard of proof required to find a physician guilty of "negligent" conduct under Education Law § 6530 (3) must, at a minimum, include a showing that specific conduct posed a foreseeable risk of injury to a particular patient. Having previously held that injury, damages and proximate cause are not essential elements in a medical disciplinary proceeding (see, Matter of Morfesis v Sobol, 172 AD2d 897, 899, lv denied 78 NY2d 856; see also, Matter of Loffredo v Sobol, 195 AD2d 757), we disagree. Proof that a physician failed to exercise the care that a reasonably prudent physician would exercise under the circumstances is sufficient to sustain a finding of "negligence" in a medical disciplinary proceeding. It is untenable to require a finding that a specific patient was placed at risk before permitting respondents to act. The purpose of such a proceeding is to protect the welfare of the general public who deal with State-licensed practitioners (see, Matter of Morfesis v Sobol, supra, at 899). That purpose is not promoted by inject-

ing into the proceeding an element of foreseeable risk of injury to a *specific* patient, inasmuch as the public at large deserves protection from the risks attendant to substandard medical care. Such care, if left unchecked, will "assuredly result" in injury *(Matter of Morfesis v Sobol, supra,* at 899).

Petitioner next argues that the record-keeping defects at issue here did not rise to the level required to constitute violations of Education Law § 6530 (32). That section provides that it is professional misconduct to fail "to maintain a record for each patient which accurately reflects the evaluation and treatment of the patient". The evidence set forth in the record discloses that petitioner failed to maintain adequate records for patients A, B, D, E and F by failing to record such information as level of spinal anesthetic achieved, estimated blood loss, urine output and complications related to intubation, as well as the circumstances surrounding patient E's cardiac arrest. This Court has held that a "medical record that fails to convey objectively meaningful medical information concerning the patient treated to other physicians is inadequate" *(Matter of Mucciolo v Fernandez,* 195 AD2d 623, 625; *see, Matter of Revici v Commissioner of Educ. of State of N. Y.,* 154 AD2d 797, 800; *see also, Matter of Schwarz v Board of Regents,* 89 AD2d 711, 712, *lv denied* 57 NY2d 604). In our view, petitioner's patient records were sufficiently inadequate to constitute violations of Education Law § 6530 (32).

Furthermore, while we agree with petitioner that by including inadequate record-keeping (sub [32]) among its expanded list of definitions of professional misconduct contained in Education Law § 6530, the Legislature clearly contemplated that it could constitute a separate violation from that of "[p]racticing the profession with negligence on more than one occasion" under subdivision (3), that is not to say, however, that substandard record-keeping can never constitute "negligence". Where there is a relationship between inadequate record-keeping and patient treatment, the failure to keep accurate records may constitute negligence *(see, Matter of Farrell,* Bd of Regents No. 10710, at 10-11). On the other hand, a record-keeping violation which does not affect patient treatment will not constitute negligence *(cf., Matter of Mucciolo v Fernandez, supra).* As there is sufficient evidence in this record that petitioner's record-keeping violations under Education Law § 6530 (32) affected patient treatment, there is support for respondents' determination that this conduct also constituted

"[p]racticing the profession with negligence on more than one occasion" under Education Law § 6530 (3).

Because examination of the record herein discloses that respondents' determination is neither arbitrary, capricious, an abuse of discretion nor affected by an error of law, we confirm it *(see,* CPLR 7803 [3]; *see also, Matter of Rudell v Commissioner of Health of State of N. Y.,* 194 AD2d 48, 50).

■ We address petitioner's remaining contention that the Board exceeded its authority by imposing a penalty upon her when the Committee had declined to do so. Public Health Law § 230-c (4) (b) empowers the Board to determine whether a sanction is appropriate. It then has "the authority to remand a case to the committee on professional conduct for reconsideration or further proceedings" (Public Health Law § 230-c [4] [b]). Petitioner argues that this means that the Board cannot itself impose a penalty. We disagree. As respondents persuasively argue, such a statutory construction runs counter to the articulated legislative intent which gave rise to the 1991 revision of the physician licensing and disciplinary code, i.e., to make the process of disciplining physicians more effective and less time consuming (Governor's Approval Mem, 1991 NY Legis Ann, at 332-333; Mem of Sen Tully, 1991 NY Legis Ann, at 330-332). Were petitioner's interpretation of the statute to be credited, a remittal would be required each time the Board deemed the penalty imposed by the Committee to be inappropriate. Clearly, the delay and expense involved in such a redundant procedure were not envisioned when these revisions were enacted. Because respondents' construction of the statute is not irrational or irresponsible, we defer to it *(see, Matter of John v New York State Ethics Commn.,* 178 AD2d 51, 55, *lv denied* 80 NY2d 753).

WEISS, P. J., MIKOLL, MERCURE and MAHONEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.