■ In the Matter of WARREN F. METZLER, Petitioner, v NEW YORK STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT et al., Respondents. [610 NYS2d 334] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner is a physician practicing in New York County. In March 1992, a Hearing Committee on Professional Conduct of the State Board for Professional Medical Conduct (hereinafter the Committee) was convened to hear charges against petitioner alleging that he (1) practiced with gross negligence, (2) practiced with negligence on more than one occasion, and (3) failed to maintain records. The charges involved petitioner's treatment of four patients.

After the hearing, the Committee issued a determination. Among the general findings it was determined that petitioner does not practice orthodox or allopathic medicine but practices homeopathy, which petitioner described as "treating the restrictions the person has in mastering life". Petitioner testified that each case is studied to determine the patient's primary pattern of limitation. The limitation pattern of the patient is then matched up to the homeopathic remedy meant to ameliorate that pattern.

Literature provided by petitioner to his patients prior to treatment highlights the homeopathic belief that an illness is

never incurable and that therefore homeopathy can help people recover from their illness. Petitioner's literature further represents that he approaches "health care as a primary care practitioner who can treat all your ailments. If additional care is needed, such as surgery, then I desire to be contacted first so I can coordinate the additional care" (Warren F. Metzler, *Homeopathy: Is it the Answer to my Health Care Needs?*). This literature, composed in a question/answer format, also queries, "What if I have to go to the Hospital?" The response provided therein details that "[n]o one that called me when they felt ill and came in for a visit needed to be hospitalized. There may be a rare situation where my patients end up in the hospital. If they do, treatment can continue once discharge occurs, without any hindrance of progress" *(id.)*.

After a review of all testimony, the Committee noted that "[h]omeopathy is not recognized in New York State as a separate branch of medicine nor is [petitioner] separately licensed as a homeopathic physician". The Committee unanimously concluded that petitioner's treatment of one of his patients, who died from pneumocystic pneumonia and was suffering from AIDS, did not meet the minimum standards of acceptable medical practice and was so egregious as to constitute gross negligence. In its determination, the Committee further noted that petitioner "does not recognize the existence of disease and does not consider any disease to be incurable. He also does not recognize the necessity for laboratory tests or diagnostic studies or the need for repeated physical examinations." Accordingly, the Committee unanimously determined that petitioner's license to practice medicine should be revoked.

Such determination of the Committee was subsequently sustained by respondent Administrative Review Board for Professional Medical Conduct (hereinafter the Review Board). Petitioner then brought the instant CPLR article 78 proceeding to challenge the Review Board's determination.

Petitioner contends that the determination which resulted in the revocation of his license must be annulled on the ground that the assessment of his professional conduct relied upon standards which are applicable only to orthodox or allopathic medicine rather than to the homeopathic medicine which petitioner was practicing. Like the Committee, the Review Board held petitioner to the same standard of care to which all physicians in New York are held. In doing so, it

noted that there are no different standards for licensed physicians based on their philosophy, religion or personal approach to their calling.

While petitioner contends that the charges found by the Committee and the Review Board are the result of a bias against homeopathy, we find that petitioner has wholly failed to present any persuasive evidence to support this assertion *(see, Matter of Warder v Board of Regents,* 53 NY2d 186, 197, *cert denied* 454 US 1125). Further, we find that there is no requirement that members of the Committee or the Review Board be practitioners of the same specialty as the physician under review, much less that they be adherents to the same philosophy of medicine *(see, Matter of Amarnick v Sobol,* 173 AD2d 914, 916; *Matter of Rosenberg v Board of Regents,* 96 AD2d 651, *lv denied* 61 NY2d 608).

Petitioner further contends that it was error to find him guilty of misconduct in regard to the four patients whose care was at issue because either the patient or the patient's parents (in the case of the minor child treated by petitioner) were made aware that petitioner's practice was limited to homeopathy due to the literature he distributed to them. We find such contention to be wholly without merit because it is well settled that a patient's consent to or even insistence upon a certain treatment does not relieve a physician from the obligation of treating the patient with the usual standard of care *(see, Matter of Van Gaasbeek v Chassin,* 198 AD2d 572, *lv denied* 82 NY2d 665).

Applying the standard of review to be invoked in cases such as this—whether the Review Board's determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious or was an abuse of discretion (CPLR 7803 [3]; *see, Matter of Bogdan v New York State Bd. for Professional Med. Conduct,* 195 AD2d 86; *Matter of Rudell v Commissioner of Health of State of N. Y.,* 194 AD2d 48, 50)—we conclude that the determination of the Review Board must be confirmed. The other issues raised by petitioner do not merit comment.

Cardona, P. J., Mikoll and Weiss, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.