■ In the Matter of CARL K. HEINS, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK, Respondent. — Mahoney, P. J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4] to annul a determination of respondent which revoked petitioner's license to practice medicine in New York State.

In November of 1982, petitioner, a physician licensed to practice medicine in New York State, was charged with five counts of gross negligence, negligence, incompetence and unprofessional conduct and four counts of gross incompetence, based on his treatment of five patients, two of whom died. The charges were based on numerous specifications of impropriety. After a five-day hearing, a hearing panel ruled on each of the specifications and concluded that petitioner was guilty of the charges. The Regents Review Committee recommended acceptance of the hearing panel's report, except that it recommended dismissal of the charge of unprofessional conduct with regard to three of the patients. The Commissioner of Health made a like recommendation. All three recommended that petitioner's license to practice medicine be revoked. The Board of Regents voted to accept the hearing panel's report with the modification made by the Regent's Review Committee and ordered respondent to issue an order revoking petitioner's license. Petitioner commenced this proceeding seeking review of such determination.

Initially, petitioner contends that the charges with respect to two of the patients, referred to in the record as patient A and patient B, must be dismissed because of the doctrine of collateral estoppel or issue preclusion. In August of 1977, the Department of Health commenced a proceeding against petitioner and another doctor as operators of Hamilton Avenue Hospital seeking to revoke the hospital's operating certificate. One of the grounds was that improper care caused the deaths of patient A and patient B. In the course of the hearing, evidence was presented regarding the care given to these patients by petitioner. The hearing officer concluded that the Department failed

to prove that the deaths of the patients would have been prevented had the treatment suggested by the Department's witness been followed. It is clear that the identity of issue necessary for application of collateral estoppel (*see, Schwartz v Public Administrator,* 24 NY2d 65, 71) is not present in this case. First, the issue in the proceeding to revoke petitioner's license was not simply whether the deaths of the two patients was preventable, but whether petitioner's care of them amounted to gross negligence or gross incompetence. Second, the focus in the proceeding to revoke the hospital's operating certificate was the conduct of the agents of the hospital, including petitioner, while the focus of the disciplinary proceeding was the professional conduct of petitioner himself. Because of this essential difference in the issues of the proceedings, application of the principle of collateral estoppel is inappropriate (*see, Matter of Pannone v New York State Educ. Dept.,* 54 AD2d 1014, 1015, *lv denied* 40 NY2d 808).

Petitioner also contends that the determination under review is not supported by substantial evidence. The surgery performed by petitioner on the five patients was in the field of obstetrics and gynecology. The Department introduced the testimony of two Board-certified specialists in this field, one with respect to patients A, B and E, and the other with respect to patients C and D. The charges against petitioner included specifications of misdiagnosis, contraindicated surgery, improperly performed surgery, failure to properly use preoperative tests, failure to consult and failure to maintain proper records. In its report, the hearing panel, which included three medical doctors, went through each specification, sustaining most of them and rejecting others. Those specifications sustained are clearly supported by the testimony of the Department's expert witnesses. Petitioner testified in his own behalf, but offered no other expert proof. To the extent that he offered evidence which conflicted with the Department's, it was not unreasonable for the hearing panel, and ultimately the Board of Regents, to accept the testimony of the Department's witnesses. Further, it was within the Board's discretion and expertise to conclude that the specifications which were sustained constituted gross negligence and/or gross incompetence. Such conclusion not being without a rational basis, it cannot be set aside.

Finally, petitioner argues that the sanction of revocation of *his license* was excessive. Since we cannot say that under the circumstances present here the penalty of license revocation is so disproportionate to the offenses as to be shocking to one's sense of fairness, we conclude that the penalty imposed was a

proper discharge of the Board's duty to protect the public. The fact that petitioner offered to plead no contest to some of the charges and to agree to refrain from performing major surgery while retaining his license to practice medicine does not change our conclusion. It was within the Board's discretion to decide that this offer was not an acceptable settlement.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.