■ In the Matter of YONG-MYUN RHO, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which censured and reprimanded petitioner.

Petitioner, licensed to practice medicine in New York since 1970 and a Deputy Chief Medical Examiner for the New York City Medical Examiner's office since 1972, was charged by the State Board for Professional Medical Conduct (hereinafter SBPMC) with professional misconduct within the meaning of Education Law § 6509 (2) in connection with the performance of two autopsies. SBPMC alleged that, in 1981, petitioner's recording of the circumstances surrounding the death of decedent J on the death certificate under the heading of cause of death was inappropriate, and in 1982, petitioner allegedly made seven fundamental errors while investigating and re-

porting decedent B's gunshot wound. A hearing was held before a committee of SBPMC, following which the hearing committee determined that the charges as to decedent J had not been sustained, but at the same time found that petitioner had twice acted negligently or incompetently with respect to the autopsy of decedent B, namely, in neglecting to recite in the autopsy report the reasons why the express order in which decedent had worn his clothing could not be ascertained and that a sodium rhodizonate test conducted by petitioner was improperly and inadequately performed, documented and interpreted. Despite these findings, the hearing committee concluded that petitioner had not practiced medicine with negligence or incompetence on more than one occasion and recommended no disciplinary action be taken.

The Commissioner of Health passed this recommendation on to respondent Board of Regents (hereinafter the Board). However, a Regents Review Committee "took a more serious view", finding that in addition to the two errors cited by the hearing committee, petitioner had also inadequately described decedent B's bullet wound. Deeming these three instances to be negligence or incompetence on more than one occasion, the Regents Review Committee unanimously recommended that petitioner be censured and reprimanded, a recommendation which the Board adopted and respondent Commissioner of Education acted upon. Petitioner commenced this proceeding challenging the Board's determination and the Commissioner's order entered thereon.

Education Law § 6509 (2) defines as professional misconduct: "Practicing the profession fraudulently, beyond its authorized scope, with gross incompetence, with gross negligence on a particular occasion *or negligence or incompetence on more than one occasion* (emphasis supplied). The primary issue raised in this proceeding is whether three instances of negligence in the course of one autopsy represents negligence "on more than one occasion".

Since the process of deciding whether a particular medical practice or procedure has been adequately performed and documented entails an evaluation of data and inferences to be drawn therefrom, that kind of decision is best left to the government agencies implicated to resolve. "Where, however, the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency" *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). While we are inclined to the

view that the latter principle pertains in this instance and that agency skill and expertise is not essential to interpret the meaning of the statutory phrase "on more than one occasion", the fact remains that petitioner has not demonstrated, as respondents have, why it is unreasonable to consider adequacy of the description of the bullet wound, lack of description of the order of the clothing and flawed performance of the sodium rhodizonate test as being three separate derelictions for the purpose of appraising petitioner's professional conduct *(see, Matter of Di Marsico v Ambach,* 48 NY2d 576, 581-582). Petitioner's suggestion, that multiple acts of negligence during one autopsy, or by analogy one surgical operation, no matter how long or complicated, are insufficient to support a finding of medical misconduct, and that at least two autopsies must have been performed before negligence or incompetence can have occurred on more than one occasion, though not unappealing, is unacceptable. As respondents note, such a reading would be plainly contrary to the spirit and apparent purpose of the statute *(see, People v Eulo,* 63 NY2d 341, 354), which is to discipline errant professionals and thereby discourage inept behavior.

Equally unconvincing is petitioner's assertion that the particular findings of negligence are not supported by substantial evidence. The extensive record, including the testimony of six experts counting petitioner, provides ample basis for respondents' findings. It is well settled that where, as here, issues of credibility are presented, the administrative agency's assessment of the veracity of the witnesses must be upheld *(see, Matter of Manhattan Scene v State Liq. Auth.,* 58 AD2d 1010, 1011).

Finally, petitioner argues that because the hearing committee concluded that his actions, while short of meeting the national standards for a Board-certified forensic pathologist, were in conformity with the practices of the New York City Medical Examiner's office, they cannot be viewed as negligent since they meet the standard of practice in the locality. But the "locality rule" does not insulate from guilt doctors who, like petitioner, a Board-certified forensic pathologist, possess superior knowledge and skills that exceed local standards, and provided the wherewithal (e.g., equipment, personnel, funding) to use these attributes is available *(Riley v Wieman,* 137 AD2d 309, 315).

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.