OPINION OF THE COURT
Alexander, J.
In 1985, the State Board of Professional Medical Conduct charged petitioner, who had been licensed to practice medicine in New York since 1970, with professional misconduct under *320 Education Law § 6509 (2).[1] The Board alleged that petitioner, a Deputy Chief Medical Examiner for the New York City Medical Examiner’s office, had improperly conducted two autopsies. In particular, it charged that in one autopsy petitioner had inappropriately recorded the events leading to decedent J’s death under a heading on the death certificate titled cause of death and that, in the other autopsy, he had made seven specified errors in investigating and reporting decedent B’s gunshot wound.[2]
After a hearing, a committee of the Board determined that the charges concerning decedent J had not been sustained but that two of the specifications of negligence or incompetence had been sustained regarding the autopsy of decedent B— petitioner had neglected to explain in the autopsy report why he could not ascertain the order in which the decedent had worn his clothes and had improperly and inadequately performed, documented, and interpreted a sodium rhodizonate test.
Nevertheless, the committee concluded that petitioner had not practiced medicine with negligence or incompetence "on more than one occasion” and recommended that no disciplinary action be taken. The Commissioner of Health recommended to respondent Board of Regents that the hearing committee’s findings of fact, conclusions, and recommendations be accepted in full.
Declaring that it "took a more serious view” of the case than the hearing committee, the Regents Review Committee found that in addition to the two instances of negligence cited by the hearing committee, petitioner also had been negligent in describing decedent B’s bullet wound inadequately and incompletely. The Regents Review Committee concluded that these three deficiencies constituted negligence or incompetence on more than one occasion and recommended that petitioner be censured and reprimanded. Respondent Commissioner of Education accepted this recommendation and directed that a copy of the order of censure and reprimand, along with a copy of the report and vote of the Regents Review Committee, be added to petitioner’s permanent file.
*321 Petitioner instituted this article 78 proceeding in the Appellate Division (see,. Education Law § 6510-a [4]), seeking to annul the Commissioner’s determination. The Appellate Division confirmed the determination and dismissed the petition, concluding that it was not unreasonable for the respondents to consider the multiple acts of negligence during one autopsy separate derelictions for purposes of appraising petitioner’s professional conduct (144 AD2d 774, 776). Leave to appeal was granted by this court.
For the reasons that follow, we now reverse the judgment of the Appellate Division and annul the determination of the Commissioner of Education.
I.
Education Law § 6509 (2) defines as professional misconduct: "Practicing the profession fraudulently, beyond its authorized scope, with gross incompetence, with gross negligence on a particular occasion or negligence or incompetence on more than one occasion”. The dispute between the parties centers on the interpretation of the phrase "on more than one occasion” — whether three acts of negligence during one autopsy constitute negligence "on more than one occasion”.
Initially, we reject respondents’ contention that because the Board of Regents is the agency charged with the enforcement of Education Law § 6509 (2), its construction of the statute should be afforded great weight and accepted unless irrational. When "the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency” (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459). This is so because " 'statutory construction is the function of the courts’ ” (Matter of Howard v Wyman, 28 NY2d 434, 438, quoting Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104, 108).
Respondents urge that the use of the word "occasion” in the phrase "negligence * * * on more than one occasion” renders the phrase ambiguous; thus a reasonable interpretation of the phrase would be "more than one occurrence, happening or incident of negligence.” .Particularly is this true, respondents argue, in light of the statute’s purpose of disciplining errant professionals in order to discourage negligence.
When a statute is free from ambiguity, a court must con *322 strue it so as to give effect to its plain meaning (Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 674-675; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 76, 94). "[T]he plain and obvious meaning of a statute is always preferred to any curious, narrow or hidden sense that nothing but a strained interpretation of legislative intent would discern. * * * [C]ourts may only look behind the words of a statute when the law itself is doubtful or ambiguous” (Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471, 479-480).
We perceive no ambiguity in the subject phrase resulting from the use of the word "occasion”. The word "occasion” ordinarily refers to an event of some duration, occurring at a particular time and place, and not simply to a discrete act of negligence which can occur in an instant.
Moreover, section 6509 (2) distinguishes between professional misconduct resulting from practicing with gross negligence on a "particular occasion” and practicing with ordinary negligence "on more than one occasion”. The inference is compelling that by its use of the phrase "particular occasion” in describing gross negligence, the Legislature was referring to an event of some duration occurring at a particular time or place, during which either a single act of negligence of egregious proportions or multiple acts of negligence that cumulatively amount to egregious conduct could constitute gross negligence. Use of the phrase "on more than one occasion” suggests, with equal force, that the Legislature was referring to distinct events of some duration during which an act or acts amounting to ordinary negligence occur.
Respondents’ contention that such an interpretation will give physicians license to commit unlimited acts of negligence during a medical procedure, such as the autopsies in this case, because those acts would go unredressed, does not withstand analysis. As indicated, multiple acts of negligence during one event can amount to gross negligence on a particular occasion, warranting disciplinary action against the offending physician.
Further support for our analysis and conclusion is found in the legislative history of section 6509 (2). As initially enacted, this provision did not define professional misconduct as including ordinary negligence; only negligence that amounted to "gross negligence” could be the basis for a disciplinary proceeding (L 1971, ch 987, § 2). The statute was amended in 1973, to expand the definition of professional misconduct to *323 include gross negligence "on a particular occasion or negligence on repeated occasions” (L 1973, ch 1026, § 1). The Sponsor’s Memorandum notes that the amendment was intended to address the problem of a physician "treating patients consistently below medical standards which, although [sic] may not be gross incompetence or gross negligence as presently set forth in the statute is a cause of great concern for the medical profession and the public in general” (Sponsor’s Mem, 1973, NY Legis Ann, at 184 [emphasis added]). The Memorandum continued: "The commissioner should have the authority to hold hearings when there is evidence on repeated occasions of such practices” (id. [emphasis added]).
The statute was amended, in 1975, to replace the phrase "on repeated occasions” with the phrase "on more than one occasion” (L 1975, ch 109, §30), thus eliminating the possible interpretation that more than two occasions must occur to support disciplinary proceedings. It is significant that the Legislature did not change the requirement to several acts of negligence on one occasion, as occurred here.
Because we reverse the judgment of the Appellate Division and annul the determination of the Commissioner of Education, we need not address the other arguments advanced by petitioner on this appeal.
Accordingly, the Appellate Division judgment should be reversed, with costs, and the determination of the Commissioner of Education annulled.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Judgment reversed, etc.

. Section 6509 (2) provides that the following constitutes professional misconduct: "Practicing the profession fraudulently, beyond its authorized scope, with gross incompetence, with gross negligence on a particular occasion or negligence or incompetence on more than one occasion”.

. The decedents were referred to by letters to preserve confidentiality.