■ In the Matter of CHARLES R. SPERO, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.—Mahoney, P. J.

Petitioner is a physician licensed to practice in this State.

He was charged with a single specification of misconduct alleging that he practiced the profession with gross negligence by supervising an operation performed on the wrong leg. There does not seem to be any dispute that this conduct occurred. The primary issue is whether this conduct rises to the level of gross negligence. The Hearing Committee concluded that it did not and recommended dismissal of the charge. The Commissioner of Health disagreed, recommending that the charge be sustained and that petitioner be censured. The Regents Review Committee unanimously agreed that the charge be sustained, but by a split vote determined that censure was inappropriate and recommended that petitioner's license be suspended for one year with nine months stayed and one year of probation. Respondent adopted this recommendation and the Commissioner of Education entered an appropriate order. This CPLR article 78 proceeding challenges the determination.

Gross negligence on a particular occasion constitutes professional misconduct under Education Law § 6509 (2). The Court of Appeals recently indicated that gross negligence as used in Education Law § 6509 (2) requires conduct that is "egregious" *(Matter of Yong-Myun Rho v Ambach,* 74 NY2d 318, 322), which means "conspicuously bad" (Webster's New Collegiate Dictionary 360 [1980]). We cannot say that respondent, which is charged with discretion and expertise to determine what constitutes gross negligence *(see, Matter of Heins v Commissioner of Educ. of State of N. Y.,* 111 AD2d 535, 536, *lv denied* 65 NY2d 611), acted irrationally in concluding that supervising an operation on the wrong limb satisfies this definitional context so as to constitute gross negligence under Education Law § 6509 (2).

We also reject petitioner's claim that the penalty imposed is unduly burdensome and will serve no purpose. Even accepting that petitioner took appropriate remedial action and was remorseful about the incident, the fact remains that an act of gross negligence occurred and a child was required to undergo a second, avoidable session of surgery. Under these circumstances, the relatively lenient penalty cannot be considered shocking to one's conscience so as to require modification *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.