■ In the Matter of HANK ROSS, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK, Respondent.— Mahoney, P. J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which, *inter alia,* found petitioner guilty of professional misconduct in the practice of medicine.

Petitioner is a physician licensed to practice in this State. He was charged with a single specification of professional misconduct alleging that he prepared the wrong leg of a patient on which an operation was performed. Petitioner acknowledged that he knew the left leg was to be operated on and prepped the right leg. The sole issue presented is whether this conduct constitutes gross negligence as required for a finding of professional misconduct. The Hearing Committee recommended that petitioner's actions did not rise to the level of gross negligence. The Commissioner of Health, however, recommended a finding of gross negligence with censure and reprimand. The Regents Review Committee unanimously recommended a finding of gross negligence but, by a split vote,

recommended that petitioner receive a one-year stayed suspension with probation. The Board of Regents found petitioner guilty of gross negligence and ordered his censure and reprimand. After respondent entered an appropriate order, this proceeding ensued.

In *Matter of Spero v Board of Regents* (158 AD2d 763), we held that the Board's conclusion that the physician who supervised the operation at issue herein had committed gross negligence was rationally based. Likewise here, we cannot say that the Board, which is charged with determining what constitutes gross negligence *(see, supra,* at 764), acted irrationally in finding that petitioner's conduct in prepping the wrong leg constituted gross negligence. Despite his acknowledged familiarity with the patient's condition, petitioner prepped the wrong leg without alerting any of the other physicians involved. Such conduct certainly can be characterized as "egregious" as required for gross negligence under Education Law § 6509 (2) *(see, Matter of Yong-Myun Rho v Ambach,* 74 NY2d 318, 322). We also find the censure and reprimand imposed not to be disproportionate to the misconduct.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.