■ In the Matter of FRANK VIRGA, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. [607 NYS2d 451] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of the Commis-

sioner of Education which, *inter alia,* censured and reprimanded petitioner for gross negligence.

Petitioner is a dentist who maintains an office for the practice of his profession in Nassau County. The evidence adduced before a Hearing Panel appointed by the State Board for Dentistry established that Dorothy Diener took her 45-year-old mentally handicapped nephew (hereinafter the patient) to see petitioner on September 8, 1989. Petitioner's dental hygienist first cleaned the patient's teeth and took X rays, and then petitioner examined the patient. It was Diener's testimony that petitioner spoke with her at the conclusion of the examination and stated that he had not read the X rays but, aside from an accumulation of tartar, there were no visible problems with the patient's teeth. Subsequently, petitioner's office notified Diener by mail that the patient had four cavities that required filling. Because she believed the prospective additional charges of $300 to be exorbitant, Diener contacted the Office of Professional Discipline and was advised to take the patient to its consulting dentist, Amir Biniaz. Biniaz testified that an examination he performed in December 1989 disclosed that the patient had one missing filling and suffered from gingivitis with moderate periodontitis and bone pathology signaling the presence of a possible cyst, granuloma or other radicular bone pathology. He found no dental cavities requiring filling. Noting that the presence of bone pathology in the patient's mouth could be readily detected without X rays, Biniaz opined that petitioner's failure to diagnose the condition constituted a deviation from the standard of care of a reasonable dentist.

The sole contention advanced in this CPLR article 78 proceeding is that the determination of the Commissioner of Education finding petitioner guilty of gross negligence in failing to diagnose the patient's bone pathology and imposing a penalty of censure, reprimand and a $500 fine is not supported by substantial evidence. We disagree. In our view, the foregoing evidence was sufficient to establish petitioner's guilt by a preponderance of the evidence *(see, Matter of Edelman v Sobol,* 174 AD2d 896, 897, *appeal dismissed* 78 NY2d 1006). Petitioner's excuse for his failure to diagnose the patient's bone pathology, that he was unable to perform a complete examination on September 8, 1989 because of time constraints and that he intended to complete the examination at the time of the second appointment, is directly contradicted by competent evidence in the record. Specifically, Diener testified that

petitioner spoke with her following his examination and gave no indication that it was in any way incomplete. Further, Biniaz testified that he was not aware of the concept of a "partial examination" and stated, "Either you examine or you don't." He also testified that if "you miss a gross defect such as this, then, obviously, you missed examination of the mouth".

In any event, we conclude that petitioner's excuses for not providing the patient with adequate care and treatment, even if credited, are insufficient to vitiate the finding that he was guilty of gross negligence (see, *Matter of Spero v Board of Regents,* 158 AD2d 763, 764; *Matter of Heins v Commissioner of Educ. of State of N. Y.,* 111 AD2d 535, 536, *lv denied* 65 NY2d 611).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.